**PONCA CITY PRODUCTION CREDIT ASSOCIATION, Plaintiff,**

v.

**UNITED STATES of America, Farm Credit Administration, and R. B. Tootel, Governor of the Farm Credit Administration, Defendants.**

Civ. No. 67-328.

United States District Court

W. D. Oklahoma.

Nov. 7, 1967.

Armstrong, Burns & Baumert by L. Enloe Baumert, Ponca City, Okl., for plaintiff.

Robert L. Berry, Asst. U. S. Dist. Atty., for defendants. William A. Gershuny, Dept. of Justice, of counsel.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

In this case the Plaintiff brings suit against the Defendants complaining of the action of the Defendant, R. B. Tootel, Governor of the Farm Credit Administration in removing Plaintiff's Secretary-Treasurer and Manager from office asserting that said removal was arbitrary, capricious, illegal and unconstitutional. It was agreed in open Court that the Court has jurisdiction herein under the Administrative Procedure Act, Title 5 United States Code § 701 et seq.

The Defendants by answer refer to the By-Laws of the Plaintiff which in part provide:

"441. Any officer, employee or agent may be removed at any time by a majority vote of the entire membership of the Board of Directors, or by the Governor (of the Farm Credit Administration)."

And the regulations of the Farm Credit Administration set forth in 2 CFR, Section 605.174, providing in part as follows:

"Except as specifically authorized by law or rules and regulations promulgated thereunder, no officer, employee or agent of any corporation (including both banks and associations) under the supervision of the Farm Credit Administration:

\* \* \* \* \* \*

d. Shall accept or receive any salary, fee, commission, or substantial gift, or other benefit for any purpose in any way, directly or indirectly, from any borrower from or debtor to any such corporation, or from any loan applicant or representative thereof: Provided, however, That such officer, employee or agent may, with the written approval of the Governor and upon such condition as the Governor may prescribe, accept compensation from such borrower, debtor, applicant or representative for bona fide services rendered while on leave of absence without pay: And provided further, That a person employed and compensated by a Federal Land bank association solely for the purpose of taking applications for loans may also receive compensation from applicants and borrowers for services as attorney, abstractor or insurance agent if his charges for such other services are reasonable or at standard rates;".

In connection with the last proviso in the foregoing regulation the removed employee involved herein was not employed by a Federal Land bank association but was employed by a production credit association and thus this proviso would not apply to him.

The Defendants also point to a letter from the Governor of the Farm Credit Administration to the President of the Plaintiff under date of August 22, 1967, in which it was stated that the removal action was taken pursuant to the authority of the foregoing provision of Plaintiff's By-Laws because the discharged employee was selling life insurance to borrowers from the Plaintiff Association in violation of the aforementioned

regulation of the Farm Credit Administration.

■ The Plaintiff also complains that its Board of Directors had fixed a salary increase for its Secretary-Treasurer and Manager, and on three occasions had forwarded the same to the Federal Intermediate Credit Bank which failed to give approval. In this connection the By-Laws of Plaintiff provide as follows:

> "431. Officers (other than Directors), employees and agents of the Association shall receive such compensation as may be fixed by the Board of Directors, subject to the approval of the [Federal Intermediate Credit] Bank."

It thus appears that said Bank is the approving authority for salary increases of officers of Plaintiff. Said Bank is a separate corporate entity and has not been made a party defendant herein. The Court cannot consider this complaint for lack of a necessary party. Moreover, Plaintiff has failed to show that the action of the Bank in not approving a salary increase for its Secretary-Treasurer and Manager was arbitrary and capricious. In addition, if the removal complained of herein is upheld a salary increase will become moot.

The evidence before the Court discloses that under date of December 17, 1964, an agreement was reached wherein the Secretary-Treasurer and Manager of the Plaintiff agreed that he would not thereafter sell life insurance to borrowers of the Plaintiff. This understanding is shown by a letter of the above date. After the Bank refused the above mentioned salary increase for the Secretary-Treasurer and Manager, the Board of Directors of Plaintiff authorized the Secretary-Treasurer and Manager to resume the sale of life insurance to its borrowers which action was, of course, in violation of the letter agreement of December 17, 1964, and the aforementioned regulation of the Farm Credit Administration. The Board of Directors of the Plaintiff did not

advise any of the Defendants regarding this action. The Governor of the Farm Credit Administration, however, appears to have learned of this resumed activity and made a personal visit because of the situation to the Plaintiff, meeting with its Board of Directors. The Court finds from the evidence that the Governor at this meeting complained to the Board about its Secretary-Treasurer and Manager again selling life insurance to borrowers of Plaintiff and requested that either said official resign or the Board of Directors under its authority remove him from office for violation of the aforesaid regulation. The Secretary-Treasurer and Manager refused to resign and the Board of Directors refused to remove him from office, whereupon the Governor of the Farm Credit Administration removed said officer effective August 31, 1967, for and by reason of his selling life insurance to borrowers of the Plaintiff in violation of the abovementioned regulation.

The Plaintiff suggested at the trial (not in the Complaint) that there could be another reason for the removal of this officer, namely, the low volume of outstanding loans in the Plaintiff Association. The Court finds no merit in this contention from the evidence. All the evidence indicates a removal based solely on the officer involved selling life insurance to borrowers of Plaintiff in violation of the aforementioned regulation. The President of the Plaintiff Association testified that the sole responsibility for the volume of outstanding loans rested with the Board of Directors and not the Secretary-Treasurer and Manager. All correspondence in connection with the removal of the officer involved mentions as reason therefor only his activities in selling life insurance to borrowers of the Plaintiff.

■■ The Court finds and concludes herein that the Governor of the Farm Credit Administration had the authority to remove the Secretary-Treasurer and Manager of the Plaintiff and that his action in doing so by reason of said officer selling life insurance to borrow-

ers of Plaintiff in violation of the regulation prohibiting such activity was not arbitrary, capricious, an abuse of discretion, or illegal. The Court further finds that the regulation involved and set out above is not arbitrary or capricious in itself but is a valid regulation with merit and was properly promulgated by the Governor of the Farm Credit Administration under delegated power from Congress [1] and is binding on the Plaintiff Association.

The Plaintiff also urges herein that by virtue of Title 12 United States Code §§ 636a and 636d the removal provisions of the Plaintiff's By-Laws as set out above and the regulation prohibiting the selling of insurance to borrowers of the Plaintiff Association by an officer of an association should be declared invalid and of no binding force and effect and by reason thereof the removal thereunder of the Secretary-Treasurer and Manager of Plaintiff should be declared void and of no force and effect because the Governor of the Farm Credit Administration under said Sections has failed under the declaration of policy of Congress to change the By-Laws of Plaintiff with reference to removal of its officers and to change the said regulation prohibiting the sale of life insurance by officers of the Plaintiff to its borrowers in some manner so as to increase borrower participation in the management and control of the permanent system of agricultural credit made available to institutions operating under the supervision of the Farm Credit Administration. In this connection, the Plaintiff points out and the evidence establishes that the Plaintiff Association is now entirely owned by its members; that the Government owns no stock therein and has not owned any such stock since

1955. It appears that By-Laws of Credit Associations such as the Plaintiff and regulations of the Farm Credit Administration draw no distinction between wholly owned credit associations and non-wholly owned credit associations or those in which Government money is invested through stock ownership. The problem therefore before the Court is whether under a mere declaration of policy announced by Congress as stated in 12 United States Code § 636a this Court should strike down a certain provision of Plaintiff's By-Laws and a regulation of the Farm Credit Administration as being invalid because the Governor under said declaration of policy has not taken action (deemed desirable by the Plaintiff) to give up these measures of management and control which he has exercised in this case regarding the removal of the officer involved and the regulation prohibiting this officer from selling life insurance to borrowers of the Plaintiff. Differently said, the Plaintiff asserts that because the Governor has not taken positive action under a declaration of policy of Congress that this Court should do the same at least to the extent of declaring invalid that provision of the Plaintiff's By-Laws and the regulation of the Farm Credit Administration upon which the removal action herein was based.

 This Court is without authority under a declaration of policy announced by Congress to undertake to exercise a discretionary power vested thereunder in the Governor of the Farm Credit Administration. General Motors Corp. v. District of Columbia, 380 U.S. 553, 85 S.Ct. 1156, 14 L.Ed.2d 68 (1965).[2] To do so would, in effect, place the Court in the position of legislating or administering. F. C. C. v. Schrieber, 381 U.S. 279, 85 S.Ct. 1459, 14 L.Ed.2d 383

1. By 12 U.S.C. § 1131d, Congress gave the Governor of the Farm Credit Administration the power to promulgate rules and regulations to provide for the management and conduct of the business of Production Credit Associations. This Section also provides that all By-Laws of such associations shall not be valid unless approved by the Governor.

2. Headnote 5 of this case provides:
"5. Where a statute confides in administrative agencies the authority to prescribe detailed regulations, it is not for the courts to make specific prescription."

(1965).[3] Nor can the Court say that the failure of the Governor under Congressional policy to take the action suggested by Plaintiff herein is arbitrary or capricious. After this litigation was commenced the Board of Directors of the Plaintiff submitted to the Governor requested changes in its By-Laws which would give to the Plaintiff full authority with reference to the removal and fixing of salaries of its officers. The Governor refused to approve these requested changes in Plaintiff's By-Laws under his authority (12 U.S.C. § 1131d) that any such changes must be approved by the Governor. The Court cannot find that this action on the part of the Governor is arbitrary or capricious under his statutory authority in this area because of a declaration of policy by Congress to encourage increased borrower participation in the management and control of institutions operating under the supervision of the Farm Credit Administration and their ultimate ownership by borrowers. This matter involves the exercise of discretion under authority delegated by Congress to the Governor of the Farm Credit Administration and a general declaration of Congressional policy. It would not be proper for this Court to undertake to administer and exercise administrative type discretion vested in the Governor of the Farm Credit Administration, and in the process eliminate the removal provision of the Plaintiff's By-Laws and the regulation of the Farm Credit Administration aimed at preventing a conflict of interest with reference to employees of Production Credit Associations.

The Court therefore finds and concludes that the Governor of the Farm Credit Administration acted within his authority in removing the Secretary-Treasurer and Manager of the Plaintiff Association; that said action was based on said officer violating a valid regulation prohibiting him from selling life insurance to borrowers of the Plaintiff and the removal action of the Governor of the Farm Credit Administration was not arbitrary or capricious, an abuse of discretion or contrary to law. The Court further finds and concludes that such removal action is not vitiated by virtue of the declaration of policy announced by Congress in Title 12 United States Code § 636a. The Court further finds that the authority to approve salary increases for the officers of the Plaintiff Association rests with a separate corporate entity not a party to this action and that the Court should not entertain this complaint for such reason, as well as the fact that a salary increase for the Secretary-Treasurer and Manager of the Plaintiff has now become moot by the removal of the officer which this Court judicially determines has been legally accomplished. The cause of action in the Complaint of the Plaintiff is therefore dismissed and the preliminary injunction entered in the case whereby the Defendants were enjoined from removing the Secretary-Treasurer and Manager of the Plaintiff is vacated and said officer is forthwith removed pursuant to the removal action of the Governor of the Farm Credit Administration, which has been judicially reviewed and approved by this Court.

---

3. Headnotes 5 and 6 of this case provide:
 "5. The established principle that federal administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties is an outgrowth of the congressional determination that administrative agencies and administrators will be familiar with the industries which they regulate and will be in a better position than federal courts or Congress itself to design procedural rules adapted to the peculiarities of the industry and the tasks of the agency involved.
 "6. In providing for judicial review of administrative procedural rule-making, Congress has not empowered Federal District Courts to substitute their judgment for that of the agency but has limited judicial responsibility to insuring consistency with governing statutes and the demands of the Constitution."