**George P. DALEY, Plaintiff,**

v.

**FARM CREDIT ADMINISTRATION, its governor, Donald F. Wilkinson and Federal Farm Credit Board, Defendants.**

**No. Civ. 3–78–286.**

United States District Court,
D. Minnesota,
Third Division.

Aug. 14, 1978.

Sydney Berde, St. Paul, Minn., for plaintiff.

Andrew W. Danielson, U.S. Atty., Stephen G. Palmer, Asst. U.S. Atty., Minneapolis, Minn., for defendants.

## 954

### MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This action involves the validity of regulations promulgated by the Federal Farm Credit Board and the St. Paul Farm Credit District Board. These regulations have the effect of placing an age limitation of 70 years of age on directors of the St. Paul Farm Credit District Board. Plaintiff is a 70 year old director of the St. Paul District Board and he requests a permanent injunction holding the regulations invalid. The parties have agreed to submit this matter to the court without an evidentiary hearing. Based on the affidavits, exhibits, briefs, and oral arguments, this court finds the regulations to be invalid.

In 1916 Congress enacted the Federal Farm Loan Act. After numerous subsequent amendments, the Act was extensively revised by the Farm Credit Act of 1971, 12 U.S.C. §§ 2001–2259 (1976). The objective of the Farm Credit System is to satisfy the peculiar credit needs of American farmers and ranchers while encouraging those farmers and ranchers to participate through management, control, and ownership of the system. To achieve this objective, Congress devised a largely decentralized administrative structure, whereby the Farm Credit System is administered primarily by twelve regional boards, with the Farm Credit Administration overseeing the entire system. Each district board is composed of seven members and serves as the board of directors for the federal land banks, intermediate credit banks, and banks for cooperatives in that district. Plaintiff is a member of the district board for the region encompassing Michigan, Minnesota, Wisconsin, and North Dakota.

To ensure that the Farm Credit System in fact encourages involvement by those persons affected by the Act, Congress required that district board members be elected by those persons. Of the seven district board members, two are elected by the federal land bank associations in that district, two by the production credit associations in that district, two by borrowers from or subscribers to the guaranty fund of the banks for cooperatives of that district, and one is appointed by the governor of the Farm Credit Administration. 12 U.S.C. § 2223. The district board thus was intended and designed to be a democratically-elected body. See 12 C.F.R. § 612.2120.

Congress did place certain eligibility requirements on district board members, however. In what this court views as a specific and comprehensive statutory provision, Congress provided that, to be eligible for membership on a district board, the candidate (1) must be a citizen of the United States for at least ten years and a resident of the district for at least two years; (2) must not be a salaried officer or employee of the Farm Credit Administration; (3) must not be a felon or a person adjudged liable in damages for fraud; and (4) must not be a resident of the same state as another district director elected by the same electorate. Moreover, an elected director loses his office if any of the first three situations listed above occur during his three year term or if he becomes "legally incompetent" during his term. 12 U.S.C. § 2222.

The regulations at issue in this case seek to impose further eligibility requirements upon candidates for directors of the St. Paul district board. The Farm Credit Administration (FCA) promulgated a rule concerning eligibility for district board membership, located at 12 C.F.R. § 611.1000 (a), which provides that "The district board may adopt additional eligibility requirements, such as an age limitation or a number of successive terms for which a director will be eligible to serve." This rule was promulgated pursuant to 12 U.S.C. § 2252(16), which gives the FCA the power to "[p]rescribe rules and regulations necessary or appropriate for carrying out the provisions of" the Farm Credit Act. Moreover, 12 U.S.C. § 2253 permits the FCA to delegate rulemaking power to the district board. As authorized by 12 C.F.R. § 611.-1000(a), the St. Paul district board adopted the following rule: "No person shall serve as a director if he becomes 70 years of age at any time during the calendar year in which the election is conducted."

The scope of judicial review of regulations such as those at issue is a narrow one and is stated by the Supreme Court in *Mourning v. Family Pub. Serv., Inc.,* 411 U.S. 356, 369, 93 S.Ct. 1652, 1660, 36 L.Ed.2d 318 (1973):

> Where the empowering provision of a statute states simply that the agency may "make . . . such rules and regulations as may be necessary to carry out the provisions of this Act," we have held that the validity of a regulation promulgated thereunder will be sustained so long as it is "reasonably related to the purposes of the enabling legislation."

*Accord, e.g., Review Committee, Venue VII v. Willey,* 275 F.2d 264, 272 (8th Cir.), *cert. denied,* 363 U.S. 827, 80 S.Ct. 1597, 4 L.Ed.2d 1522 (1960). When reviewing a similar broad statutory rulemaking grant, the Eighth Circuit recently observed that:

> It is a well established rule of law that the rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law. "Rather, it is 'the power to adopt regulations to carry into effect the will of Congress as expressed by the statute.'"

*United States ex rel. Chase v. Wald,* 557 F.2d 157, 161 (8th Cir. 1977) (*cert. denied*). The task of this court therefore is to determine whether the age restriction at issue is reasonably related to the purposes of the Farm Credit Act and carries into effect the expressed will of Congress.

■ In applying the above test, this court is influenced by the nature of the regulations at issue. The Court of Appeals for the Eighth Circuit, and most other courts, regularly upholds agency regulations that concern substantive aspects of the federal statute the agency is charged with administering. *See, e.g., Doe v. Department of Transportation,* 412 F.2d 674 (8th Cir. 1969); *Weir v. United States,* 310 F.2d 149 (8th Cir. 1962); *United States v. Ekberg,* 291 F.2d 913 (8th Cir.), *cert. denied,* 368 U.S. 920, 82 S.Ct. 242, 7 L.Ed.2d 135 (1961). Thus, if plaintiff sought to invalidate an FCA regulation concerning credit terms for certain types of farmers, this court would be loath to strike down the regulation. This is so because Congress intended that the FCA make such regulations and because the FCA has expertise in that area not possessed by this court. The regulations at issue, however, are of a different mold. Age restrictions for district board directors have nothing to do with farm credit or the substantive provisions of the Farm Credit Act. The agency has no special expertise with respect to aging and, moreover, the regulations at issue are relatively simple ones. For these reasons the deference normally accorded agency regulations should not be so great here as in cases involving substantive agency regulations. *See National Petroleum Refiners Ass'n v. FTC,* 157 U.S.App.D.C. 83, 105, 482 F.2d 672, 694 (1973), *cert. denied,* 415 U.S. 951, 94 S.Ct. 1475, 39 L.Ed.2d 567 (1974).

■ Turning to the question of whether the age limitation regulations are reasonably related to, and carry into effect, the purposes of the Farm Credit Act, this court finds for several reasons that they do not. First, the explicit nature of the statutory eligibility provisions is influential. Congress was very specific in setting forth the eligibility requirements for district board directors, and the statutory language gives no indication that additional requirements are permissible. Although this does not of itself necessarily preclude further eligibility requirements, it does cast some doubt on the agency's authority to promulgate additional requirements.

A second factor is the obvious congressional intent to make the election process as democratic as possible. Congress unquestionably intended that those groups affected by the Act be able to elect persons of their own choosing as their representatives on the district Board. The age limitation regulations frustrate this objective by reducing the number of eligible candidates, without furthering any other legislative objective.

■ A third consideration concerns several provisions of the Farm Credit Act that authorize the district board to determine

the manner of election or appointment of "officers, employees, or agents." 12 U.S.C. §§ 2012(9), 2072(9), 2122(9). These sections arguably empower the district board to set qualifications for officers, employees, or agents. *Cf. Rankin v. Tygard,* 198 F. 795, 799 (8th Cir. 1912). However, these sections say nothing about the board's power to set eligibility qualifications for board members. Similar statutes include directors, such as the National Banking Act, 12 U.S.C. § 24(6), and such statutes have been held to empower the board of directors to impose further restrictions on board membership. *See McKee & Co. v. First Nat'l Bank of San Diego,* 265 F.Supp. 1, 5 (S.D.Cal.1967), *aff'd,* 397 F.2d 248 (9th Cir. 1968). The failure to include directors in the Farm Credit Act provisions thus further supports the conclusion that the eligibility requirements of § 2222 of the Act are exclusive.

Finally, the general congressional policy against age discrimination evidenced by the Age Discrimination in Employment Act indicates Congress did not intend that the FCA and district boards establish age restrictions for board membership. That Act, as amended in 1978, eliminates mandatory retirement due to age for most federal employees. *See* Age Discrimination in Employment Act Amendments of 1978, P.L. 95–256, § 5(a), amending 29 U.S.C. § 633a(a). Furthermore, the legislative history of the 1978 amendments contains a congressional finding that "chronological age alone is a poor indicator of ability to perform a job," and "that as a matter of basic civil rights people should be treated in employment on the basis of their individual ability to perform a job rather than on the basis of stereotypes about race, sex, or age." S.Rep. No. 95–493, 95th Cong., 2d Sess. 2–3, *reprinted in* [1978] U.S.Code Cong. & Admin.News, pp. 976, 977–978. The technical applicability of this legislation to the present case has not been briefed by the parties and is uncertain, since it is unclear whether a district board member is a federal employee and because the 1978 amendments to the age discrimination act do not go into effect until Septem-

ber 30, 1978. The age discrimination legislation nonetheless represents an important congressional policy statement and strongly suggests that the age restriction regulations do not "carry into effect the will of Congress" nor are they "reasonably related to the purposes" of the Farm Credit Act.

Coupled with the above considerations is the fact that defendants have presented no rational justification for the age limitation regulations and the scant agency record contains no such justification. Consequently, the court has no way of knowing whether the regulations were "the product of guesswork [or] reasoned decision-making." *Tanners' Council of America, Inc. v. Train,* 540 F.2d 1188, 1193 (4th Cir. 1976). This fact, in conjunction with the arbitrary nature of the regulations and the apparently contrary congressional intent, mandates the conclusion that the regulations at issue are invalid.

Plaintiff's request for a permanent injunction is GRANTED.