George W. BOWLING, et al., Plaintiffs,

v.

John R. BLOCK, et al., Defendants.

No. C–2–84–135.

United States District Court,
S.D. Ohio, E.D.

Feb. 6, 1985.

Gary R. Dumm, Stephen E. Carter, Circleville, Ohio, for plaintiffs.

Gary L. Norton, Farm Credit Admin., Washington, D.C., Thomas E. Palmer, Squire, Sanders & Dempsey, Columbus, Ohio, for defendants.

### OPINION AND ORDER

KINNEARY, District Judge.

Plaintiffs, various entities engaged in the farming industry, have filed this action against numerous defendants alleging violations of the Farm Credit Act, 12 U.S.C. § 2001 *et seq.*, and the regulations promulgated under it, and the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.* Plaintiffs have also attached, pursuant to this Court's pendant jurisdiction, several state causes of action. The defendants in this action are John R. Block, Secretary of the United States Department of Agriculture, Donald E. Wilkinson, Governor of the Farm Credit Administration, the Farm Credit Administration, individual members of the Federal Farm Credit Board, the Fourth Farm Credit District, The Federal Intermediate Credit Bank of Louisville, The Federal Land Bank of Louisville, individual board members of the Fourth Farm Credit District, and the Columbus Production Credit Association.[1]

---

1. The Louisville Bank for Cooperatives was originally named as a defendant in this action. In its May 18, 1984 memorandum, plaintiffs state that they have no cause of action against the Louisville Bank for Cooperatives. Further, the Louisville Bank for Cooperatives has not been named as a defendant in plaintiffs' amended complaint. Therefore, the Louisville Bank for Cooperatives is dismissed as a party to this action.

This matter is currently before the Court on the defendants' motions to dismiss.

## STATEMENT OF THE CASE

Plaintiffs, in this action, are essentially seeking a full-scale review of the present conditions under which the Farm Credit System is operated. Specifically, plaintiffs charge that the defendants, who constitute the Farm Credit System, have failed to act in accordance with the purposes for which the Farm Credit Act was promulgated. In fact, plaintiffs go so far as to assert that the defendants, in failing to act in a manner consistent with the intent of the Farm Credit Act,

> ... have unlawfully, wrongfully, and intentionally usurped powers not granted by the Farm Credit Act and abused and misused powers granted by the Farm Credit Act.

The Farm Credit Act, 12 U.S.C. § 2001 *et seq.*, created the Farm Credit System.

The Farm Credit System was created for the specific purpose of improving the "income and well-being" of American farmers and ranchers. To achieve this objective, the System was intended to supply "sound, adequate, and constructive credit and closely related services" specifically tailored to the peculiar needs of the farming community. Further, the debtor-participants were encouraged, through stock ownership in the creditor-institutions, to participate in the management, ownership and control of the System. *Daley v. Farm Credit Administration*, 454 F.Supp. 953 (D.Minn. 1978). In objecting to the manner in which it is operated, plaintiffs argue that the current Farm Credit System

> ... does not operate to provide all [of the] benefits intended by the legislation and is not responsive to the credit needs of Plaintiffs and Plaintiffs have suffered corresponding substantial injury and damages.

In addition to their allegations that the defendants have violated their duties created by the Farm Credit Act, plaintiffs also allege that the defendants have violated their duties created by the federal Truth-in-Lending Act, 15 U.S.C. §§ 1601 *et seq.* Plaintiffs broadly allege that the defendants failed to make certain disclosures required by Regulation Z, 12 C.F.R. §§ 226.1 *et seq.* Specifically, plaintiffs assert that the defendants' conduct surrounding their loan transactions with plaintiffs amounted to a failure

> ... to provide Disclosure Statements setting forth with particularity the terms and conditions of the subject notes and mortgages.

Further, plaintiffs charge that the defendants failed to disclose the interest rates which they actually were charging plaintiffs.

Finally, plaintiffs assert numerous state law causes of action which they attach to this action pursuant to this Court's pendant jurisdiction. First, plaintiffs allege that the defendants breached their contractual obligations to improve the income and well-being of the farming community. Plaintiffs assert that such obligations are implicit in the "Congressional declaration of policy and objectives" section of the Farm Credit Act, 12 U.S.C. § 2001. Second, plaintiffs allege that the defendants breached a contract with plaintiffs because the stock which plaintiffs were required to purchase as a prerequisite for obtaining credit through the Farm Credit System did not pay dividends, appreciate in value or provide plaintiffs with an effective vote, and caused plaintiffs borrowing costs to exceed those costs for which the loan contracts provided. Third, plaintiffs allege that the defendants breached "substantial" fiduciary duties which were implicitly created under the Farm Credit Act and which are evidenced by the unique relationship existing between plaintiffs and defendants. Finally, plaintiffs allege that, as shareholders in defendants' organizations, they are entitled to share in the profits derived by such organizations through their functions as lending institutions. With respect to plaintiffs' final state law claim, it is charged that the defendants have failed to fulfill their duty "to provide credit to share-

holder/borrowers at the 'lowest reasonable cost.' "[2]

## DISCUSSION

The defendants in this action may be, and should be for the purpose of addressing the subject motions to dismiss, separated into two groups. The first group of defendants is the Federal defendants. This group consists of Secretary Block of the Department of Agriculture, Donald Wilkinson, Governor of the Farm Credit Administration, the Farm Credit Administration, the Federal Farm Credit Board and its individual members. The second group of defendants consists of the remaining defendants. The Court will address both groups of defendants separately. The Court will begin by addressing the nonfederal defendants' motion to dismiss.

## I.

Plaintiffs' first claim against the nonfederal defendants is that they have violated numerous specific sections of the Farm Credit Act. The nonfederal defendants respond to plaintiffs' allegations by arguing that plaintiffs cannot maintain their claims because the Farm Credit Act does not create a private right of action. It is clear that the Farm Credit Act does not contain an express provision granting such a right. Plaintiffs maintain, however, that, notwithstanding this lack of an express provision, such a right is implicit within the Act.

In *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1978), the Supreme Court addressed the issue of whether an implied private right of action exists with respect to a federal statute.

> In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," ... that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication

of legislative intent, explicit or implicit, either to create such a remedy or to deny one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? ... And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 78, 95 S.Ct. at 2088. Fortunately, with respect to the Farm Credit Act, at least one other Federal Court has thoroughly analyzed the four-factor *Cort v. Ash* test to determine whether a private right of action may be implied. In *Hartman v. Farmers Production Credit Association of Scottsburg*, No. 81–163–C (S.D. Ind. Mar. 18, 1983), it was determined that an implied private right of action did not exist under the Farm Credit Act. In making its determination, the court concluded:

> The Farm Credit Act does not expressly provide a private cause of action for violation of its provisions, nor can one be implied.... Even assuming the Hartmans fall within the class for whose especial benefit the Farm Credit Act was enacted, the other three criteria are not met. Congress did not .intent [sic] to provide a federal remedy, a private cause of action is not necessary to attain the underlying purpose of the Act, and the plaintiff's cause of action is one traditionally relegated to state law. The Court certainly would not condone the conduct alleged here, but the Hartmans have an adequate remedy in the state court.

*Id.* at 12.

 Despite the somewhat differing contexts, this Court must concur with the *Hartman* Court's conclusion. It is readily apparent that the Farm Credit Act merely established the machinery by which its purpose, to augment the amount of credit available to the farming community, would be effected. It does not create specific

---

**2.** Plaintiffs have dropped their claim that the defendants, in some manner, violated the Ohio usury laws.

enforceable rights which would necessitate the existence of a private right of action. *Id.* at 10. Further, the Act intimates that the specific entities it creates for the purpose of providing the needed credit—the production credit associations, the federal land bank associations and the banks for cooperatives—are to be operated much like any other private lending institution. Therefore, whatever disputes arise between plaintiffs and the nonfederal defendants must be resolved in the same manner that such a dispute would be resolved if the defendants were common banks or savings and loans.

The typical case in which the issue of whether a federal statute contains an implied private right of action involves a statute which "... prohibits ... some conduct, or which at least ostensibly protects the rights of a certain class of persons...." *Marx v. Centran Corp.,* 747 F.2d 1536, 1544 (6th Cir.1984). With respect to the Farm Credit Act, it is apparent that the class of persons targeted as the immediate beneficiary consists of farmers and ranchers. However, the Act certainly does not prohibit specific behavior. Nor does it protect any specific right conferred by it or any other federal statutory or constitutional provision on plaintiffs. As noted above, the Farm Credit Act merely establishes the mechanism by which alternative forms of credit may be made available to farmers and ranchers.

The second federal cause of action which plaintiffs allege in their amended complaint against the nonfederal defendants is that such defendants have violated the federal Truth-in-Lending Act ("TILA"). Specifically, plaintiffs claim that the nonfederal defendants violated Regulation Z which was promulgated pursuant to the TILA. 12 C.F.R. § 226.1. Regulation Z is designed to "... promote the informed use of consumer credit by requiring disclosure about its terms and cost." 12 C.F.R. § 226.1(b). Plaintiffs assert that the nonfederal defendants failed to make the required disclosures.

In response to plaintiffs' allegations, the nonfederal defendants assert that plaintiffs have failed "... to allege facts which, if taken as true, indicate a transaction within the ambit of TILA and acts by the defendants which violate TILA." The TILA is primarily concerned with consumer credit transactions. 12 C.F.R. § 226.1(b). Such transactions are defined by the statute as "primarily for personal, family or household purposes." 15 U.S.C. § 1602(h). *Thorns v. Sundance Properties,* 726 F.2d 1417 (9th Cir.1984). Specifically exempted from the TILA's coverage are:

> Credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or to government or governmental agencies or instrumentalities, or to organizations.

15 U.S.C. § 1603(1). The nonfederal defendants charge that neither the types of transactions involved herein nor the entities which were parties to those transactions meet these fundamental requirements for TILA coverage.

■ It is clear to the Court that many of the parties to this action may not be subject to, or benefit from, the strictures of the TILA and that many of the credit transactions of which plaintiffs complain expressly fall outside of the purview of the Act. Plaintiffs GeoDot, Inc. and George Bowling Quality Meats, Inc. are excluded under 15 U.S.C. § 1603(1). The individual board members of the FICB of Louisville and the FLB of Louisville are excluded under § 1602(f). Further, any credit transaction pursued for an agricultural or business purpose is excluded, as noted above, by § 1603(1). It is apparent that the overwhelming majority of the transactions being challenged by plaintiffs were pursued for agricultural or business related purposes.

The Court is cognizant of the fact that the Farm Credit System does not only provide credit to farmers and ranchers for solely agricultural and business purposes. Pursuant to 12 U.S.C. § 2018, the System provides for loans to rural residents for rural housing financing. Further, the

TILA itself intimates that certain Farm Credit System credit transactions will fall within its coverage. *See* 15 U.S.C. § 1607(a)(6). In paragraph 10 of their amended complaint, plaintiffs state, in relevant part:

> Further, Plaintiff, Dale Bower, has entered a consumer credit transaction with Defendant, Federal Land Bank. Further, Plaintiff, Richard Dailey, has entered credit transactions for agricultural purposes as well as certain consumer credit transactions with Defendant, Production Credit Association.

Plaintiffs rely upon this allegation in an attempt to rebut the defendants' argument that they do not state a claim for relief under the TILA.

Initially, the Court observes that the allegation, upon which plaintiffs base their argument that the TILA is applicable, is extremely specific with respect to the parties included within its scope. First, it makes reference to only two of the five plaintiffs, Dale Bower and Richard Dailey. In fact, with respect to the other three plaintiffs, it is admitted that the credit transactions from which they seek relief were entered into for solely agricultural purposes. As noted above, the TILA expressly excludes from its coverage transactions entered into primarily for agricultural purposes. Further, the subject allegation includes references only to defendants "Federal Land Bank" and "Production Credit Association." The remaining nonfederal defendants do not appear to be involved in plaintiffs' allegations of violations of the TILA. It is clear to this Court, therefore, that those remaining nonfederal defendants, as well as plaintiffs George Bowling, GeoDot, Inc. and George Bowling Quality Meats, Inc., may not, in this instance, be subjected to, or benefit from, the prescriptions of the TILA.

Paragraph 10 of the amended complaint is a feeble attempt to demonstrate a cause of action under the TILA. With respect to the four plaintiffs and defendants to which it does allude, it merely alleges that they were involved in "consumer credit transaction." The TILA excludes many types of credit transactions from its coverage, including certain "consumer credit transaction." *See* 15 U.S.C. § 1603(3). Plaintiffs have failed to allege facts from which this Court could conclude that the types of transactions from which they seek relief fall within the purview of the TILA. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To indicate that they are entitled to relief under the TILA, plaintiffs must be somewhat more specific with respect to the actual purpose for which they entered into the subject transaction. Plaintiffs, therefore, have failed to state a cause of action under the TILA.

■ The Court is aware that, instead of pursuing the harsh course of dismissal, it may allow plaintiffs to amend their complaint to allege additional facts which may indicate TILA violations. Given the circumstances of this case, however, particularly the lack of involvement of most of the parties in plaintiffs' allegations of violations of the TILA, the Court does not believe that an opportunity to amend is warranted. The Court does note, however, that, if plaintiffs Bower and Dailey believe that they do have a cause of action under the TILA, although one is not alleged here, they may wish to file a separate action specifically delineating such violation.[3]

## II.

As noted above, the federal defendants consist of the Secretary of the Department of Agriculture, the Farm Credit Administration and its Governor and the Federal Farm Credit Board and its current and certain past members (hereinafter collectively referred to as the "Administration."). The Administration is an independent agen-

---

3. Plaintiffs do make a third claim which they believe constitutes a federal cause of action. Plaintiffs argue, in Count V of their amended complaint, that the nonfederal defendants breached certain fiduciary duties. Plaintiffs assert that the defendants' duties are governed by federal common law. Plaintiffs' assertion is, however, incorrect. *Boyster v. Roden*, 628 F.2d 1121 (8th Cir.1980).

cy in the executive branch of the Government. It is composed of the Federal Farm Credit Board and its Governor and certain other personnel necessary to perform the Administration's functions. 12 U.S.C. § 2241. Such functions, carried out by the Federal Farm Credit Board, include the supervision of lending institutions, including the nonfederal defendants in this case, which are members of the Farm Credit System and which are specifically created by the Farm Credit Act. The Administration is also charged with the task of establishing a general policy designed to effect the purposes of the Farm Credit Act. 12 U.S.C. §§ 2243, 2252. In their amended complaint, plaintiffs sweepingly allege that the Administration has failed in its duties to implement the "avowed intent and purposes of the Farm Credit Act."

In support of their motion to dismiss, the federal defendants principally rely upon their belief that plaintiffs lack standing to pursue their claims against them. The federal defendants assert that plaintiffs have failed to allege a "case or controversy" with respect to any action by the federal defendants which would satisfy the requirements of Article III of the United States Constitution. Specifically, the federal defendants argue that plaintiffs have "... alleged no wrongdoing which could have been committed by the Federal Defendants, nor is the type of relief they seek available from the Federal Defendants."

■ In response to the federal defendants' well-reasoned and persuasive argument that plaintiffs lack standing, plaintiffs argue, and allege in their amended complaint, that they are merely seeking judicial review of the Administration's actions pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.* The APA provides, in relevant part:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof....

5 U.S.C. § 702. In order to state a cause of action under the APA, and specifically § 702, for review of some agency action, a complainant must allege the existence of three factors: 1) agency action; 2) by which they are aggrieved; and 3) within the meaning of a relevant federal statute. *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 153–54, 90 S.Ct. 827, 829–30, 25 L.Ed.2d 184 (1970). The federal defendants, notwithstanding plaintiffs' reliance upon the APA, still assert that plaintiffs lack standing to maintain their claim with respect to the federal defendants' performance of their duties and responsibilities under the Farm Credit Act.

■ Because plaintiffs' amended complaint is so general, the Court's analysis of the standing issue is, to say the least, difficult. In the amended complaint, as noted earlier, plaintiffs essentially allege that the entire Farm Credit System, as operated by the defendants, has failed, and is failing, to function in a manner contemplated by the Farm Credit Act. Plaintiffs, however, fail to allege in what manner the System is malfunctioning. Plaintiffs make sweeping generalizations that the intent and purposes of the Farm Credit Act are being ignored, that the defendants have "abused and misused" certain statutory powers and that the defendants have passed rules and regulations which "are not consistent with the Farm Credit Act." Under these circumstances, the Court can only conclude that plaintiffs have failed to allege facts which show that they have been aggrieved by any action of the Administration within the meaning of a relevant federal statute.

In *Kuhl v. Hampton,* 451 F.2d 340 (8th Cir.1971), the Eighth Circuit stated:

The federal courts are courts of limited jurisdiction created to adjudicate legal causes within their jurisdiction and were not established to mediate any and all types of complaints and alleged wrongs; and they certainly were not established to operate the administrative agencies of government.

*Id.* at 342. It is apparent to this Court that plaintiffs seek to substitute the Court for the Administration as the supervisory body

under the Farm Credit Act. The Court does not believe that it is the appropriate entity to operate the Farm Credit System.

In their September 21, 1984 reply memorandum, the federal defendants state:

> The [plaintiffs] are seeking to have this Court perform the function of a congressional oversight committee. The Plaintiffs have failed to satisfy the constitutional, jurisdictional and procedural requirements that are prerequisite to seeking judicial redress. If there is a proper forum for the Plaintiff's grievances, it is before the Congress and not before the courts.

The Court finds the federal defendants' observation to be a reasonable summary of how this action should be viewed. An all-out assault on the operation of the Farm Credit System should not be waged in the courts, but at the congressional level. Many of the complaints plaintiffs have against the defendants involve duties and responsibilities for which the Farm Credit Act, and, therefore, Congress, have specifically provided. This is particularly true with respect to plaintiffs' grievances against the requirement that they purchase stock in the institutions from which they secure credit. *See* 12 U.S.C. §§ 2013, 2034, 2073, 2094. Further, many of the acts of the Administration of which plaintiffs apparently complain were authorized by the broad discretionary powers granted by the Farm Credit Act. This Court may not review such acts even if it believed review were justified. In *Ponca City Production Credit Association v. United States*, 275 F.Supp. 502 (W.D.Ok.1967), the Court observed:

> This Court is without authority under a declaration of policy announced by Congress to exercise a discretionary power vested thereunder in the Governor of the Farm Credit Administration.... To do so would in effect, place the Court in the position of legislating or administering....

*Id.* at 506. This is especially true with respect to plaintiffs' claims under 12 U.S.C. §§ 2243 and 2252.

■ A final matter which the Court must address is plaintiffs' allegation that the federal defendants have failed to exercise their remedial powers granted under the TILA. Section 1607(a)(6) does provide that the Administration shall enforce the provisions of the TILA as they apply to the lending institutions governed by the Farm Credit Act. However, this Court is without power to require the Administration to act under § 1607(a)(6). *Pendleton v. Trans Union Systems Corp.*, 430 F.Supp. 95 (E.D.Pa.1977).

**CONCLUSION**

■ As noted throughout this Opinion, plaintiffs seek, through this action, a full-scale review of the manner in which the Farm Credit System is being operated. They appear to find fault with the very essence of the System as it currently functions. Such a broad review of a statutory scheme developed by Congress, and in large part, operated according to the prescriptions of Congress, is not appropriately undertaken by the Courts. Therefore, this Court must dismiss this action in its entirety. The Court has specifically found that plaintiffs have failed to state a cause of action under the Farm Credit Act against the nonfederal defendants because the Act does not provide a private right of action, either express or implied. Further, the Court determined that plaintiffs failed to allege sufficient facts involving the nonfederal defendants in order for the Court to decide that a cause of action under the TILA was stated. The Court also determined that plaintiffs lacked standing to have their complaints against the federal defendants, specifically, and the Farm Credit System, generally, adjudicated by this Court under the APA. Finally, because there remain no federal causes of action to be heard, the Court determines that it will not exercise its pendent jurisdiction in order to hear plaintiffs' state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

WHEREUPON, upon consideration and being duly advised, the Court determines

the motions to dismiss of the nonfederal defendants and the federal defendants to be meritorious and they are, therefore, GRANTED. This action is hereby DISMISSED in its entirety.

IT IS SO ORDERED.