## MIDSTATE BANK

v.

**Daniel J. MURRAY, Linda M. Murray, William G. Scott and Laurie R. Scott, Defendants and Third-Party Plaintiffs,**

v.

**UNITED STATES SMALL BUSINESS ADMINISTRATION, an Agency of the United States Government, Third Party Defendant.**

### No. CV–83–134–GF.

United States District Court,
D. Montana,
Great Falls Division.

June 29, 1984.

K. Robert Foster, Lewistown, Mont., for plaintiff.

Kenneth D. Tolliver, Wright, Tolliver & Guthals, Billings, Mont., for defendants and third party plaintiffs.

Byron Dunbar, U.S. Atty., Dist. of Mont., Great Falls, Mont., George Darragh, Jr., Asst. U.S. Atty., Butte, Mont., for U.S. Government.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

Presently before the court is the plaintiff's motion to remand the present action to the District Court of the Tenth Judicial District of Montana.

In 1979, the defendants (hereinafter collectively referred to as "Murrays") executed a promissory note in favor of the plaintiff for the sum of $120,000.00. The note was secured by a mortgage covering certain real estate and all equipment, fixtures, etc., contained therein. Upon execution of the foregoing note and mortgage, the same were assigned to the Small Business Administration, an agency of the United States of America.

On February 1, 1980, the Murrays executed a Peaceful Possession of Collateral Property Agreement acknowledging that the loan at issue was in default. By the terms of the agreement, the plaintiff was entitled to sell any or all of the collateral secured by the mortgage to recover the amount due on the loan, and to recover any deficiency remaining after the sale of the collateral. On February 5, 1980, the Murrays executed an agreement conveying the property covered by the mortgage to the S.B.A. Thereafter, the real property secured by the mortgage was sold. The present action followed, being instituted by the plaintiff in an effort to recover a deficiency which the plaintiff claims in the amount of $36,277.48.

The Murrays filed a third-party complaint against the S.B.A., alleging the S.B.A. breached the agreement of February 5, 1980 which conveyed the secured property to the S.B.A. In addition, the Murrays have plead a claim sounding in tort, alleging that the S.B.A. breached the covenant of good faith and fair dealing attendant the agreement conveying the secured property to the S.B.A. Subsequent to the filing of the third-party complaint, the S.B.A. removed the entire action to this court pursuant to 28 U.S.C. § 1441. The propriety of this court asserting removal jurisdiction over the present action, or any portion thereof, is the issue now before the court.

Removal of the present action was effectuated by the third-party defend-

ant, S.B.A. Although this court recognizes that a third-party defendant is entitled to remove an action to federal court,[1] such removal is, nonetheless, limited by the proscriptions of 28 U.S.C. § 1441, *i.e.,* (i) the federal district court must have original jurisdiction of the action, (ii) jurisdiction in the state court must have been proper, and (iii) the third-party claim must be separate and independent of the claims advanced by the original plaintiff. *See, e.g., Marsh Invest. Corp. v. Langford,* 652 F.2d 583 (5th Cir.1981); *Motor Vehicle Casualty Co. v. Russian River County Sanitation Dist.,* 538 F.Supp. 488 (N.D.Cal.1981); *Rager v. Crampes,* 223 F.Supp. 346 (D.Ky.1963). The two claims advanced by the third-party complaint in the present action must be assessed to determine if either claim will support removal jurisdiction.

## TORT CLAIM

■ In one count of their third-party complaint, the Murrays allege that the S.B.A. breached its duty of "good faith" attendant the S.B.A.'s agreement with the Murrays; a tortious action cognizable under Montana law. A claim sounding in tort against the S.B.A., an agency of the United States, may only be prosecuted under the Federal Tort Claims Act, which vests exclusive jurisdiction of such actions in the federal district courts. 28 U.S.C. § 1346(b). The state court in which the third-party complaint was filed was without jurisdiction over the tort claim advanced by the Murrays against the S.B.A. Accordingly, the tort claim advanced by the Murrays will not support removal jurisdiction of the present action, since proper jurisdiction in the state court is essential if removal is to be valid. *See, Minnesota v. United States,* 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939).

## CONTRACT CLAIM

■ The state court in which this action was filed had jurisdiction over the third-

party contract claim against the S.B.A. under authority of 15 U.S.C. § 634(b), which gives concurrent jurisdiction to state courts of record and United States district courts over contract actions against the S.B.A. Accordingly, this court has removal jurisdiction over the action in contract against the S.B.A., provided the requisites of 28 U.S.C. § 1441(c) are satisfied. Specifically, where a claim against the S.B.A., over which a federal district court would have original jurisdiction, is joined with one or more otherwise nonremovable claims, the entire case may be removed if the claims are "separate and independent" within the meaning of 28 U.S.C. § 1441(c).

■ Strictly construing 28 U.S.C. § 1441(c) against removal, as this court is required to do, *see, Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), I must conclude that the principal claim and the third-party claims are not separate and independent within the meaning of 28 U.S.C. § 1441(c). Obviously, there exists common questions of fact and law in the original action and the third-party action. Both actions arise from the same set of operative facts with the principal claim and third-party claim being inextricably intertwined.

Accordingly, the contract claim advanced by the Murrays against the S.B.A. will not support removal jurisdiction.

## REMAND OR DISMISSAL

The situation presented by the present action with respect to remand or dismissal upon a finding of improper removal is akin to the situation presented in *State of Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654 (9th Cir. 1972). The present situation, however, is further exacerbated by the fact that removal was sought by a third-party defendant.

The principal action obviously involves state claims which should not be dismissed. Likewise, the contract claim of the third-

---

1. Although the majority opinion is that claims of third-party defendants cannot support removal jurisdiction under 28 U.S.C. § 1441, this court follows the minority view that permits removal by a third-party defendant who has been joined to an action by the original defendant. *Wayrynen Funeral Home, Inc. v. J.G. Link & Company,* 279 F.Supp. 803 (D.Mont.1968).

party plaintiffs against the S.B.A. is a claim cognizable in state court which should not be dismissed. The claim advanced under the Federal Tort Claims Act by the third-party plaintiffs, however, is a claim which the state court could not entertain and should be dismissed by this court. *Id.* at 658–659. Unlike the situation in the *State of Washington* case, the federal tort claim is separately stated in the third-party complaint and is not so inseparably intertwined with the contract claim that it is impracticable to dismiss the federal tort claim while remanding the contract claims of the principal and third-party actions. Under the circumstances, the foregoing appears to be the only logical way to proceed.

Therefore, IT IS ORDERED:

(i) That Count IV of the Third-Party Complaint be, and the same hereby is, DISMISSED.

(ii) That the principal action and remaining portions of the third-party action be, and the same hereby are, REMANDED to the District Court of the Tenth Judicial District of the State of Montana.

The Clerk shall forthwith do all things necessary to effectuate said remand.