**ABERDEEN PRODUCTION CREDIT ASSOCIATION, Plaintiff,**

v.

**JARRETT RANCHES, INC., A Corporation; Jarrett Elevators, Inc., a Corporation; Donald D. Jarrett, Ronald R. Jarrett; Jeannine C. Jarrett and Jacqueline Jarrett, Defendant and Third Party Plaintiffs,**

v.

**FEDERAL INTERMEDIATE CREDIT BANK of OMAHA, Third Party Defendant.**

Civ. No. 85–1066.

United States District Court, D. South Dakota.

May 14, 1986.

Carlyle Richards, Ronayne & Richards, Aberdeen, S.D., for plaintiff.

Philip W. Morgan, Britton, S.D., and James M. Corum, Minneapolis, Minn., and Jarvis W. Brown, Faulkton, S.D., for defendants and third party plaintiffs.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for third party defendant.

---

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

Plaintiff, Aberdeen Production Credit Association (PCA), commenced the present action in the Circuit Court of Marshall County, South Dakota, seeking the foreclosure of security interests in certain personal and real property owned by the defendants. Defendants have counterclaimed against PCA for 1) misrepresentation and negligence in financial advice; 2) for breach of an implied contract to renew defendants' loan; 3) for breach of its loan contract; 4) for the violation of various regulations and guidelines of the Farm Credit Act of 1971, 12 U.S.C. § 2001, *et seq.;* and 5) for breach of duty of good faith and fair dealing. Subsequently, defendants brought an action against third-party defendant Federal Intermediate Credit Bank of Omaha (FICB), charging that the FICB 1) negligently failed to supervise the PCA as dictated by regulations of the Farm Credit Act of 1971, 12 U.S.C. § 2001 *et seq.;* 2) negligently made loan-making decisions and 3) formulated illegal interest rates which were charged defendants on loans from the PCA.

Pursuant to 28 U.S.C. §§ 1441 and 1331, third-party defendant FICB removed this action to the Northern Division of the District of South Dakota on the basis of the federal question of whether "the Farm Credit Act of 1971 has created a private cause of action for suits against the Farm Credit System." Before the Court is third-party defendant's motion to dismiss.[1] For the reasons set forth herein, defendants' third-party claims against FICB based on alleged violations of the Farm Credit Act are hereby dismissed for failure to state a claim upon which relief can be granted.

1. The present case was removed by FICB as third party defendant under 28 U.S.C. § 1441. The majority of courts have held that defendants of claims introduced by third party claims are not entitled to petition for removal. *Compare Hopkins Erecting Co. v. Briarwood Apartments of Lexington,* 517 F.Supp. 243, 248–49 (E.D.Ky.1981), *and* Wright, Miller & Cooper,

## DISCUSSION

In addition to various state law claims of negligence, misrepresentation and breach of implied contract, defendants' third party complaint against FICB puts forward as a vehicle for relief the Farm Credit Act of 1971, 12 U.S.C. § 2001, et.seq. "A nonfrivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction." *Northwest South Dakota Production Credit Ass'n v. Smith,* 784 F.2d 323, 325 (8th Cir.1986). Because the act does not expressly provide for a private remedy, however, there must be found an implied remedy in the statute in order for defendant's third-party complaint to state a claim upon which relief can be granted.

In *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), the Supreme Court described the following four factors to be considered in determining whether a federal statute confers an implied cause of action:

1. Is the plaintiff one of a class for whose especial benefit the statute was enacted?

2. Is there any legislative intent, explicit or implicit, either to create a remedy or deny one?

3. Is there a remedy consistent with the underlying purposes of the legislative scheme? and

4. Is the cause of action one traditionally relegated to state law in an area basically the concern of the states, so that it would be inappropriate to infer a cause of action based solely on federal law?

In analyzing these factors, the central inquiry is "whether Congress intended to create, either expressly or by implication, a private cause of action." *Touche Ross &*

*Federal Practice and Procedure:* Jurisdiction § 3724 (1985) *with Midstate Bank v. Murray,* 592 F.Supp. 798, 800 n. 1 (D.Montana 1984). Due to the unsettled nature of removal jurisdiction in this area, however, as well as the apparent lack of controlling precedent, the Court will accept removal jurisdiction for purposes of examining the federal question.

*Co. v. Redington,* 442 U.S. 560, 575, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979).

First, defendants contend that the regulations promulgated under the Farm Credit Act provide them with a private cause of action. Defendants cite the Act's loan servicing regulation, 12 C.F.R. § 614.-4510(d)(2) (1985) for the proposition that FICB and PCA owed defendants a duty to grant them forbearance in the servicing of their farm loans prior to foreclosure. That statute provides in part that "[t]he policy shall provide a means of forbearance for cases when the borrower is cooperative, making an honest effort to meet the conditions of the loan contract and is capable of working out of the debt burden." It is defendants' contention that this regulation imposes an affirmative legal duty upon the FICB and PCA to "make adjustments or exercise disciplines to help guarantee the borrower's ultimate recovery." (Defendants' Brief, p. 14). Because of the existence of this regulatory responsibility, defendants assert an implied cause of action in order to assure compliance.

As a basis for this contention, defendants rely on *DeLaigle v. Federal Land Bank of Columbia,* 568 F.Supp. 1432, 1436–38 (S.D. Ga.1983), in which the court ruled that the forbearance regulation was a substantive rule having the force and effect of law, and that it required Federal Land Banks to establish loan servicing techniques and to advise borrowers of the procedures. Upon recent consideration of this issue on the appellate level, however, the Eleventh Circuit Court of Appeals specifically disapproved of the *DeLaigle* decision, holding instead that the forbearance regulation was a general statement of agency policy and therefore did not provide a basis for an implied cause of action on behalf of borrowers under the Farm Credit Act. *Smith v. Russellville Production Credit Ass'n,* 777 F.2d 1544, 1547–48 (11th Cir.1985).

Other regulations cited by defendants are also not indicative of intent to create affirmative duties or prohibitions for the benefit of farmers. The "General Loan Policies" of the Act require that loans "be made in an amount and under terms and conditions that will reasonably assure repayment, usually without affecting the borrower's financial position." 12 C.F.R. § 614.4140 (1985). Similarly, the collateral requirements "shall reasonably protect the lender, provide the necessary control of equity and repayment, and leave the borrower in a position to constructively manage his business." 12 C.F.R. § 614.-4150(e) (1985). Such regulations do not establish an entitlement to particular procedures, but merely set forth a policy to guarantee fair and equitable service of loans to farmers.

Secondly, in examining legislative intent, defendants contend that the 1975 and 1985 amendments to the Act implicitly give farmers the right to enforce the loan servicing regulations. Until 1975, the Farm Credit Act prohibited actions in federal district court by or against production credit associations. 12 U.S.C. § 2258 (1971). Although the removal of this restriction was apparently motivated in part by a recognition that improved transportation and communication would make available to everyone ready access to federal district courts, see 1975 U.S.Code Cong. & Ad.News 2148, 2154–55 (letter of Senator Talmadge), courts examining this issue have not found that the deletion of the federal court bar was intended to transform the Act into a federal enforcement mechanism. See *Apple v. Miami Valley Production Credit Ass'n,* 614 F.Supp. 119, 121–22 (D.C.Ohio 1985); *Hartman v. Farmers Production Credit Ass'n of Scottsburg,* 628 F.Supp. 218, 221 (S.D.Ind.1983) (The 1975 amendment was primarily motivated by a need to enforce maritime liens). Merely because Congress removed access restrictions to federal courts does not in itself indicate an intent to established jurisdiction by virtue of the act alone.

Additionally, defendants call attention to legislative history concerning the recent Farm Credit Amendments Act of 1985, Pub.L. No. 99–205, 99 Stat. 1678 (Dec. 23, 1985), in which Representative De la Garza indicated that the 1985 amendments to the

Farm Credit Act establish enforceable rights for borrowers. In response to the question of whether the legislation provided applicants and member-borrowers the option of utilizing the court system for enforcement of the Act, Representative De la Garza replied as follows:

Yes ... a major section of this bill does establish a set of borrowers' rights, and it would be my understanding that the rights of applicants and member-borrowers as set forth in this act and in the regulations of the Farm Credit Administration shall be enforceable in courts of law.

131 Cong.Rec. H11518–19 (daily ed. Dec. 10, 1985). This Court does not read this statement to indicate that all regulations of the Farm Credit System were intended to be enforceable in courts of law. The statement was expressly made in reference to "borrowers' rights" established in Title III, § 301 et seq. of the 1985 Farm Credit Amendments Act—the "rights" of disclosure and access to documents. The defendants are not claiming any violation of rights allegedly established under the 1985 amendments. Therefore, this Court is not required to consider the significance of the 1985 Farm Credit Amendments Act in determining the existence of a private cause of action. Because the acts complained of occurred prior to its passage, the statements of Representative De la Garza are irrelevant to the present action. See *Corum v. Farm Credit Services,* 628 F.Supp. 707, 719–20 n. 11 (D.Minn.1986). Moreover, this Court declines to find any significant probative value in using subsequent legislative history to establish the intent of Congress in enacting the original legislation in 1971. See *Andrus v. Shell Oil Co.,* 446 U.S. 657, 666 n. 8, 100 S.Ct. 1932, 1938 n. 8, 64 L.Ed.2d 593 (1980) (admonition that the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one).

█ Accordingly, this Court joins the growing number of courts which have held that no private cause of action shall be implied under the Farm Credit Act. See *Bowling v. Block,* 785 F.2d 556, 557 (6th Cir.1986) (per curiam) (Farm Credit Act does not create specific enforceable rights which would necessitate the existence of a private right of action); *Smith v. Russellville Production Credit Ass'n,* 777 F.2d 1544, 1548 (11th Cir.1985) (Farm Credit Act creates no specific duties or prohibitions for the benefit of a special class); *Spring Water Dairy, Inc. v. Federal Intermediate Credit Bank of St. Paul,* 625 F.Supp. 713, 719 (D.Minn.1986) (Act does not contain specific rights for farmers); *Apple v. Miami Valley Production Credit Ass'n,* 614 F.Supp. 119, 122 (S.D.Ohio 1985) (No private right of action for breach of fiduciary duty under Act); *Hartman v. Farmers Production Credit Ass'n of Scottsburg,* 628 F.Supp. 218 (S.D.Ind.1983). With the exception of any rights purportedly established under the 1985 Farm Credit Amendments Act, the statute creates no entitlement for farmer-borrowers other than the right to reasons for denial and an informal hearing for unsuccessful loan applicants. 12 U.S.C.. §§ 2201 and 2202. "By including this informal hearing provision and no other remedy under the Farm Credit Act, Congress evidenced an intent not to create any private right of action under that Act." *Smith v. Russellville Production Credit Ass'n,* 777 F.2d at 1548.

The Court has no disagreement with defendants' assertion that the Farm Credit System is a system by and for the farmer. The objective of the Farm Credit Act is to improve "the income and well-being of American farmers and ranchers by furnishing sound, adequate, and constructive credit...." 12 U.S.C. § 2001(a). Nevertheless, "the Farm Credit Act merely establishes the mechanism by which alternative forms of credit may be available to farmers and ranchers." *Bowling v. Block,* 602 F.Supp. 667, 671 (S.D.Ohio 1985), *aff'd,* 785 F.2d 556 (6th Cir.1986). Because the Farm Credit Act does not proscribe any conduct as unlawful or create specific enforceable rights on behalf of borrowers, there is no support for an implied private cause of action.

█ Accordingly, defendants' third-party claims against FICB based on violations of the Farm Credit Act and its regulations are dismissed for failure to state a claim upon

which relief can be granted. Defendants' counterclaims against the PCA based upon violations of the Act are also dismissed. In failing to imply a federal cause of action under the Act, however, defendants are not left without a remedy since they are still able to protect their rights as debtors under state law. See *Spring Water Dairy, Inc. v. Federal Intermediate Credit Bank of St. Paul,* 625 F.Supp. at 720.

Because there remains no federal cause of action to be heard, this Court will decline to exercise its pendent jurisdiction over defendants' state law claims. See *United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). In the present case, neither the Court nor the parties have significantly addressed the merits of defendants' state law claims. Generally, the early dismissal of federal claims prior to trial dictates that the remaining pendent state claims should also be dismissed. See *Sullivan v. Laborers' International Union of North America,* 707 F.2d 347, 351 (8th Cir.1983); *Koke v. Stifel, Nicolaus & Co., Inc.,* 620 F.2d 1340, 1346–47 (8th Cir.1980). Under the circumstances, therefore, this Court will dismiss without prejudice defendants' state law claims of breach of contract, misrepresentation and negligence against the plaintiff PCA and third-party defendant FICB.