The **FEDERAL LAND BANK OF ST. LOUIS, A Corporation, Plaintiff,**

v.

**Urban C. HOPMANN, et al., Defendants.**

No. PB–C–85–259.

United States District Court, E.D. Arkansas, Pine Bluff Division.

March 19, 1987.

Diane S. Mackey, Friday, Eldgedge & Clark, Little Rock, Ark., for plaintiff.

Bob Leslie, George W. Proctor, U.S. Atty., Little Rock, Ark. by Fletcher Jackson, Asst. U.S. Atty., Jerold W. Barringer, Palmyra, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

Pending before this Court are plaintiff's motion for summary judgment and defendant's motion for leave to amend his counterclaim. The motions were filed on the same day. For the reasons stated below, plaintiff is granted partial summary judgment and defendant's motion for leave to amend his counterclaim is denied.

Defendant executed three promissory notes to plaintiff in 1979 and 1980. The first two notes are marked absorbed, leaving as the effective note the one dated December 29, 1980, for $2.6 million which by absorption relates back to the note of January 10, 1979. Hopmann executed, acknowledged and delivered to FLB a mortgage conveying certain property in Desha County, Arkansas as security for the indebtedness. The mortgage was filed and recorded on January 17, 1979, in the office of the Recorder for Desha County. Plaintiff contends that defendant has defaulted in payment of the loan and it seeks judgment for the unpaid principal indebtedness together with all interest and other charges due.

Defendant admits to executing the notes as described in plaintiff's complaint (see paragraph 1 of defendant's counterclaim). Furthermore, defendant admits that he had difficulties making all his payments because of financial problems. Defendant contends, however, that plaintiff is not entitled to foreclosure because it failed to comply with certain regulations of the Farm Credit Act of 1971, as amended, 12 U.S.C. § 2001 *et seq*. In particular, defendant states as affirmative defenses that plaintiff failed to advise defendant of alternative loan servicing techniques as required by 12 C.F.R. § 614.4510(d)(1) and improperly calculated the interest charged in violation of 12 C.F.R. § 614.4280.

On July 29, 1986, the Court entered an Order dismissing Count III of defendant's counterclaim. The Court held that no private cause of action could be maintained

under the Farm Credit Act. Defendant concedes that Counts I and II of his counterclaim[1] should also be dismissed since these are brought pursuant to the Farm Credit Act and its regulations (see page 2 of Brief in Support of Motion to File Amended Counterclaims: "By analogy, if Count III was dismissed because no implied private cause of action can be maintained against the Federal Land Bank of St. Louis based solely on the regulations, then the same result should be applicable to Counts I and II.")

Defendant, however, relies on his affirmative defenses to establish that plaintiff is not entitled to summary judgment. Defendant contends that plaintiff should be estopped from foreclosing because of plaintiff's failure to properly service the loan and to properly advise him of appeal procedures and alternative loan servicing techniques. Defendant bases this defense on the provisions of the Farm Credit Act and particularly 12 C.F.R. § 614.4510(d)(1).

■■■ The law is well settled that the regulations of the Farm Credit Act do not create any affirmative duties or prohibitions. "[T]he statute creates no entitlement for farmer-borrowers other than the right to reasons for denial and an informal hearing for unsuccessful loan applicants. 12 U.S.C. §§ 2201 and 2202." *Aberdeen Production Credit Association v. Jarrett Ranches*, 638 F.Supp. 534, 537 (D.S.D. 1986). The Eleventh Circuit has held that the regulation relied on by defendant, 12 C.F.R. § 614.4510(d) is not a substantive rule but a general statement of agency policy and therefore it does not have the force and effect of law. *Smith v. Russellville Production Credit Association*, 777 F.2d 1544 (11th Cir.1985). Similarly, in *Farmers Production Credit Association*

*v. Johnson*, 24 Ohio St.3d 69, 493 N.E.2d 946 (Ohio 1986), *cert. denied*, — U.S. —, 107 S.Ct. 878, 93 L.Ed.2d 832 (1987), the Supreme Court of Ohio held that the specific language of 12 C.F.R. § 614.4510(d)(1) does not provide a valid defense to a foreclosure action. Therefore, the Court is persuaded that defendant's first affirmative defense which is based on the Act and its regulations does not, as a matter of law, create a valid defense to plaintiff's action.

■■■ Defendant contends in his second affirmative defense that plaintiff failed to follow the provisions of the Act and the appropriate regulations (12 C.F.R. § 614.-4280) in calculating the rate of interest. Once again, defendant relies on the provisions of the Act which do not create any entitlements. According to 12 C.F.R. § 614.4280, the bank board sets the rates of interest. *See also*, 12 U.S.C. §§ 2015 and 2205. Even assuming, *arguendo*, that the regulations were a valid defense, plaintiff has submitted affidavits and minutes of its Board of Directors to demonstrate that the interest was calculated according to the guidelines adopted under the Farm Credit Act. Defendant has failed to present any evidence to demonstrate that a genuine issue of material fact exists as to its claim that plaintiff failed to comply with the applicable regulations concerning the determination of interest rates.[2] Rule 56(c), Federal Rules of Civil Procedures; *Celotex Corp. v. Catrett*, — U.S. —, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■■■ In sum, the Court is persuaded that the defenses raised do not establish that a genuine issue of material fact exists as to defendant's default on the loan and that plaintiff is entitled to judgment for the amount owing.[3] The Court notes, however,

---

**1.** Count I of the counterclaim alleges plaintiff charged an excessive rate of interest in violation of 12 U.S.C. § 2015 and 12 C.F.R. § 614.4280. Count II alleges that plaintiff induced defendant to pursue a course and conduct of business which resulted in defendant facing financial ruin because of plaintiff's failure to adhere to the requires set forth in 12 U.S.C. § 2001 *et seq.*

**2.** Defendant does not contend that the amount of interest charged was usurious. His claim of

excessive interest is based solely on plaintiff's failure to properly exercise the corporate and statutory authority to make such changes in interest in violation of the Farm Credit Act and its regulations.

**3.** Defendant is not without a remedy to raise his allegations that plaintiff failed to properly service his loan and charged excessive interest in violation of the contract between defendant and plaintiff. Defendant raises both these allega-

that a genuine issue of material fact exists as to the amount owed. Defendant, in his affidavit, stated that he made payments totaling more than $520,000 from 1982 through 1984. Plaintiff claims that no payments were made after January 20, 1980 until May 31, 1983. Therefore, plaintiff is granted partial summary judgment on the issue of liability with the issue of damages to be determined at trial.

 Defendant has filed a motion for leave to amend his counterclaim. Defendant, recognizing that his original counterclaim would be dismissed because it was based exclusively on the Farm Credit Act and its regulations now seeks to bring common law causes of action based, *inter alia,* on breach of contract and breach of fiduciary duty. The Eighth Circuit has recognized that even though a litigant cannot assert a private cause of action arising under the applicable federal law, "the federal statutes may create a standard of conduct which, if broken, would give rise to an action for common law negligence." *Hofbauer v. Northwestern National Bank of Rochester,* 700 F.2d 1197, 1201 (8th Cir. 1983). However, the court in *Hofbauer* notes that these matters are best left to state courts to resolve.

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, whether a party should be permitted to amend is left to the discretion of the Court. *Mills v. Merrill, Lynch, Pierce, Fenner, & Smith,* 703 F.2d 305 (8th Cir.1983). In the instant case, the Court is persuaded that since the proposed amended counterclaim raises matters of state law which should be resolved by the state courts, the Court will decline to allow the counterclaim and to exercise its pendent jurisdiction. *See Aberdeen Production Credit Association v. Jarrett Ranches,* 638 F.Supp. 534 (D.S.D.1986); *Hartman v. Farmers Production Credit Association of Scottsburg,* 628 F.Supp 218 (S.D.Ind.

1983) (plaintiffs have adequate remedy in state court, therefore it would be improper for court to intrude into the state law area); *Spring Water Dairy v. Federal Intermediate Credit Bank of St. Paul,* 625 F.Supp. 713 (D.Minn.1986) (court dismissed state law claims without prejudice, finding that they were best left to the state courts.)

Accordingly, plaintiff is granted partial summary judgment on the issue of liability; Courts I and II of the counterclaim are dismissed; defendant's motion for leave to amend his counterclaim is denied; and defendant's motion to strike are denied.

---

tions in his proposed amended counterclaim which seeks to assert common law causes of action against plaintiff. As discussed *infra,* defendant can pursue these claims in a state court

action. *See Hartman v. v. Farmers Production Credit Association,* 628 F.Supp. 218 (S.D.Ind. 1983).