Stanley J. HOFBAUER and Jean F. Hofbauer, Appellees,

v.

The NORTHWESTERN NATIONAL BANK OF ROCHESTER, MINNESOTA, Appellant.

Stanley J. HOFBAUER and Jean F. Hofbauer, Appellants,

v.

The NORTHWESTERN NATIONAL BANK OF ROCHESTER, MINNESOTA, Appellee.

Nos. 82–1522, 82–1570.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1983.

Decided March 2, 1983.

Briggs & Morgan, Richard G. Mark, St. Paul, Minn., for appellant/cross appellee, The Northwestern Nat. Bank of Rochester.

Brown, Bins & Klampe, Joseph J. Pingatore, Michael D. Klampe, Rochester, Minn., for appellees/cross appellants, Stanley J. Hofbauer and Jean F. Hofbauer.

Before BRIGHT, ARNOLD and JOHN R. GIBSON, Circuit Judges.

ARNOLD, Circuit Judge.

The principal question presented in this case is whether there is an implied federal right of action for damages for violations of certain provisions of the Flood Disaster Protection Act of 1973 and the National Flood Insurance Act (NFIA), 42 U.S.C. §§ 4012a(b), 4104a (1976). The District Court held that there is such a right of action and granted plaintiffs' motion for summary judgment. *Hofbauer v. Northwestern Nat'l Bank of Rochester,* 547 F.Supp. 940 (D.Minn.1981). We are persuaded to the contrary by the reasoning of several recent appellate opinions that were not available to the District Court. We therefore reverse.

I.

Some time before February 3, 1975, Stanley and Jean Hofbauer agreed to buy a house in Rochester, Minnesota. On or about February 3, 1975, they applied to the Northwestern National Bank for a Federal Housing Administration (F.H.A.) insured loan. The F.H.A. issued a loan commitment and appraisal, but did not indicate in the commitment papers or the appraisal

that the property to be purchased was located in a special flood hazard area, or that flood insurance was required. Relying on the F.H.A. determination that flood insurance was not required, the Bank did not tell the plaintiffs that the property was in a special flood hazard area and did not require that they obtain flood insurance. The Bank lent the plaintiffs $17,300, insured by the F.H.A., and the loan was closed on March 10, 1975. In fact, the house was located in a special flood hazard area. On July 5 and 6, 1978, a flood occurred, damaging the property in question. Plaintiffs had no flood insurance at the time.

Plaintiffs sued the Bank in a Minnesota state court. They alleged that the Bank violated 42 U.S.C. §§ 4012a(b) and 4104a and 12 C.F.R. § 22 (1975) by failing to require that they purchase flood insurance as a condition to granting them a mortgage and by not informing them that their property was located in a special flood hazard area. They also claimed that the cited federal statutes and regulation established a standard of conduct that the Bank violated, and that this violation was actionable negligence under the common law of Minnesota. The Bank removed the case to the District Court, which held, as already mentioned, that there is an implied right of action for damages for violation of the NFIA. It was stipulated that the flood damage to the Hofbauers' property was $15,500. Summary judgment in this amount was entered for plaintiffs. As to the alternative state-law claim, the District Court held that the common law of Minnesota does not provide a negligence action for violation of the standard of conduct established by the NFIA.

The Bank appeals from the judgment against it. The Hofbauers have filed a conditional cross-appeal, asking that, if their judgment under the NFIA is reversed, we also reverse the District Court's dismissal of their state-law claim, and hold that the law of Minnesota does give them a right of action.

## II.

Congress passed the NFIA in 1968 to provide limited indemnification for dam-

ages resulting from floods. Prior to the Act special disaster loans were the only relief available. Congress amended the NFIA in 1973 and enacted 42 U.S.C. § 4012a(b), which provides in relevant part as follows:

> Each federal instrumentality responsible for the supervision ... of banks ... shall by regulation direct such institutions not to make ... any loan secured by improved real estate ... located or to be located in an area that has been identified by the Secretary as an area having special flood hazards and in which flood insurance has been made available ... unless the building or mobile home and any personal property securing such loan is covered ... by flood insurance in an amount at least equal to the outstanding principal balance of the loan ....

Congress amended the statute again in 1974 and enacted 42 U.S.C. § 4104a, which provides in pertinent part:

> Each federal instrumentality responsible for the supervision ... of banks ... shall by regulation require such institutions, as a condition of making ... any loan secured by improved real estate ... located or to be located in an area that has been identified by the Secretary ... as an area having special flood hazards, to notify the purchaser ... of such special flood hazards ....

Shortly before the Bank made the loan in suit to the plaintiffs, the Comptroller of the Currency, the federal official responsible for supervising national banks, promulgated 12 C.F.R. §§ 22.2 and 22.4, which require that banks make sure that borrowers properly insure their homes and notify borrowers when the property securing a loan is in a flood-risk area.

Sections 4012a(b) and 4104a of Title 42 do not expressly provide a private cause of action. We must decide whether to imply one. For over half a century federal courts readily allowed plaintiffs to imply private causes of action. See, *e.g., Superintendent of Insurance v. Bankers Life & Cas. Co.,* 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971);

*Texas & P.R.R. v. Rigsby,* 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874 (1916). The Supreme Court began to reverse this trend in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), where it enunciated the following four-part test for implying a private cause of action for the violation of a federal statute:

First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," —that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 78, 95 S.Ct. at 2088 (citations omitted). In more recent cases the Supreme Court has looked almost exclusively to congressional intent—the *Cort v. Ash* criteria being treated as indicia of that intent, *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). Since deciding *Cort v. Ash* the Court has become increasingly more reluctant to imply new private causes of action for damages. See *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); *Northwest Airlines, Inc. v. Transport Workers Union of America,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981); *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981); *California v. Sierra Club,* 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981).

 We have carefully considered plaintiffs' arguments but agree with recent opinions holding that §§ 4012a(b) and 4104a do not create an implied private cause of action for damages under federal law. *Ar-*

*vai v. First Federal Savings & Loan Ass'n,* 698 F.2d 683 (4th Cir.1983); *Till v. Unifirst Federal Savings and Loan Ass'n,* 653 F.2d 152 (5th Cir.1981); *R.B.J. Apartments, Inc. v. Gate City Savings & Loan Ass'n,* 315 N.W.2d 284 (N.D.1982).

The Hofbauers are members of a class for whose benefit the statute was enacted. But in order to satisfy the first of the *Cort v. Ash* criteria they must show more. They must be members of a "special class" for whose benefit the statute was enacted, *Cannon v. University of Chicago,* 441 U.S. 677, 689, 99 S.Ct. 1946, 1953, 60 L.Ed.2d 560 (1979), and show that Congress drafted the statute with an "unmistakable focus on the benefitted class." *Id.* at 691, 99 S.Ct. at 1955. This they cannot do.

 Congress enacted the NFIA to protect not only borrowers but lenders and the federal government as well. *Till, supra,* 653 F.2d at 159. When Congress first enacted the program in 1968 it intended to promote a program that would "make insurance against flood damage available, encourage persons to become aware of the risk of occupying the flood plains, and reduce the mounting Federal expenditures for disaster relief assistance." H.R.Rep. No. 1585, 90th Cong., 2d Sess., reprinted in [1968] U.S.Code Cong. & Ad.News 2873, 2966–67. The specific statutes in question were not enacted for the special benefit of borrowers. Section 4012a(b) requires flood insurance for the amount of the outstanding loan balance and not for the equity of the borrower. If Congress had passed the statute primarily for the benefit of borrowers, it would have required that they insure their equity in the home. This statute seems primarily concerned with protecting lenders, not borrowers. *R.B.J. Apartments, Inc. v. Gate City Savings & Loan Ass'n, supra,* 315 N.W.2d at 288. The notice requirement in 42 U.S.C. § 4104a certainly helps borrowers, but it was enacted at least "in part to help stem the development of flood hazard areas and further diminish the burden of federal disaster assistance." *Till, supra,* 653 F.2d at 159.

There is no firm indication of legislative intent to create a private federal cause of action for damages under 42 U.S.C. §§ 4012a(b) and 4104a. On the other hand, other flood-insurance laws do provide private causes of action. Section 4053 of Title 42 states that a claimant may file suit against the flood insurer in federal court. Under 42 U.S.C. § 4104, owners, lessees, and communities objecting to a flood-hazard designation can file a suit in federal court and seek redesignation. Evidently "when Congress wished to provide a private damages remedy, it knew how to do so and did so expressly." *Touche Ross & Co. v. Redington, supra,* 442 U.S. at 572, 99 S.Ct. at 2487. Moreover, the particular statutes in issue do not directly require lenders to do anything. They are directed instead to those federal agencies that supervise lenders. The Comptroller of the Currency has the authority to issue cease-and-desist orders against bank officers to terminate unsound practices, 12 U.S.C. § 1818(b)(1), and impose penalties for a national bank's failure to make required reports, 12 U.S.C. § 161. The existence of an administrative enforcement mechanism suggests that no other remedy was intended. *Transamerica Mortgage Advisors v. Lewis, supra,* 444 U.S. at 20, 100 S.Ct. at 247; *National Railroad Passenger Corp. v. National Ass'n of Railroad Passengers,* 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974).

We conclude that 42 U.S.C. §§ 4012a(b) and 4104a do not create an implied federal right of action for damages. Because the three recent appellate opinions we have cited thoroughly analyze the issues, we forego further discussion.

### III.

The Hofbauers first filed suit against the Bank in a state court. The Bank removed this case on the basis of the federal question arising under the NFIA. On cross-appeal the Hofbauers submit that should this Court hold against them with respect to the implied federal right of action, the state cause of action against the Bank, based on its alleged negligence, should be remanded to state court for a determination of that claim. We agree. See *Till, supra,* 653 F.2d at 161–62 n. 24. Even though the Hofbauers cannot assert a private cause of action arising under federal law, the federal statutes may create a standard of conduct which, if broken, would give rise to an action for common-law negligence. That is a question of Minnesota law best left to the courts of that State. In *Iconco v. Jensen Construction Co.,* 622 F.2d 1291, 1296 (8th Cir.1980) we expressly held that a state court "is certainly free to look to the provisions of a federal statute for guidance in applying its longstanding common-law remedies" unless Congress has prohibited the state from looking to the statute's provisions as a standard in determining whether there has been a common-law breach of duty. *Id.* at 1298. The NFIA does not itself create a federal cause of action, but we do not think it prohibits a state court from finding negligence when there has been a violation of the statute. The purpose of the statute is to aid flood victims and lessen federal expenses for flood relief. We do not see how these goals would be frustrated by allowing common-law negligence suits for failure to require flood insurance or notify borrowers that they are buying a home in a high flood-risk area. The NFIA claim, on which removal jurisdiction below was based, is now to be dismissed. In these circumstances, the prudent course, on remand, is for the District Court to send the pendent state-law claim back to the state courts. Those courts can then decide whether the common law of Minnesota adopts as a standard of conduct for negligence purposes the duties established by the NFIA. We leave that issue entirely to the state courts.

In No. 82–1522, the Bank's appeal, the judgment is reversed, and the cause remanded with directions to dismiss the NFIA claim. In No. 82–1570, the Hofbauers' cross-appeal, the judgment is vacated, and the cause remanded with directions to remand the state-law negligence claim to the state court.

It is so ordered.