**Leif JOHANSEN, et al., Appellants,**

v.

**PRODUCTION CREDIT ASSOCIATION OF MARSHALL-IVANHOE, et al., Respondents.**

**No. C4-85-683.**

Court of Appeals of Minnesota.

Nov. 26, 1985.

George T. Qualley, Mendota Heights, for appellants.

Robert M. Halvorson, Ruth Ann Webster, New Ulm, for respondents.

Heard, considered and decided by LANSING, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellants, a Lincoln County couple engaged in farming, brought a pro se federal suit against respondent, their farm lender, asserting numerous federal statutory violations. These claims were dismissed in a summary judgment against appellants. Appellants then found legal counsel and brought suit in state court, asserting common law causes of action. The trial court granted respondent's motion for summary judgment, finding the causes of action asserted were res judicata and that there remained no genuine issues of material fact. We reverse.

## FACTS

Appellants have farmed in Lincoln County for a number of years. During the last few years, they have financed their farming operation by borrowing money from the Production Credit Association of Marshall-Ivanhoe (PCA), which has its office at Marshall, Minnesota.

Early in 1982, appellants applied for extended financing from PCA. The credit request was granted on the condition that appellants give PCA a second mortgage on their farm. Appellants agreed.

During the summer of 1982, PCA compelled appellants to sell part of their cattle herd and use the proceeds to pay back part of their PCA debt. Appellants claim that PCA officers told them that by paying back part of their debt, appellants could be assured of future loans from PCA. Later in 1982, PCA demanded that appellants cash lease their land and apply the proceeds to retirement of their debt.

Although appellants complied with PCA requirements, PCA refused to extend further credit to appellants.

Appellants sought legal advice, but several attorneys declined to take their case. Following the prescription of a lay farm credit activist, they brought suit against PCA and its officers in federal court on a pro se basis, claiming that PCA and its officers had violated many provisions of the United States Code. PCA counterclaimed on their loan.

The federal district court summarily dismissed all claims asserted by appellants in their pro se complaint. Responding to PCA's request, the court also refused to

assume pendent jurisdiction over the loan counterclaim. The federal decision was not appealed.

Subsequently, appellants brought suit in state court, claiming false and misleading representation, negligence, and fraud. The trial court dismissed all the claims on the ground of res judicata. The court held further that even if the claims were not res judicata, they were defective. The court concluded that claims could not be based on the Farm Credit Act because that legislation did not create a private cause of action. In addition, referring to common law claims based on representations or related conduct of PCA employees, the court concluded that "plaintiff knew [the employees] did not have the authority to make [the representations]" and knew that loan renewal decisions had to be made by the PCA board of directors. This appeal is from the trial court summary judgment.

## ISSUES

1. Has appellants' case against PCA been rendered res judicata?

2. Does the appellants' failure to assert their common law claims in federal court preclude them from bringing them now in state court?

3. Does federal law preclude appellants from bringing a common law action against PCA?

4. Did any genuine issues of material fact remain, rendering summary judgment inappropriate?

## ANALYSIS

■ 1. A second suit, involving the same parties, the same facts, the same claims, and the same law as the one before, constitutes a final adjudication under the doctrine of res judicata. *Campbell v. Glenwood Hills Hospitals, Inc.*, 273 Minn. 525, 531, 142 N.W.2d 255, 259 (1966). A court will deem a matter res judicata if it

was determined in a prior action. *Rhodes v. Jones*, 351 F.2d 884, 889 (8th Cir.1965); *Anderson v. Werner Continental, Inc.*, 363 N.W.2d 332, 334 (Minn.Ct.App.1985). Res judicata will not apply, however, so long as the two suits involve separate causes of action. *United States v. Advance Machine Co.*, 547 F.Supp. 1085, 1092 (D.Minn.1982). The test for comparing the two causes of action is whether the primary right and duty and the delict or wrong combined are the same in each action. *Rhodes*, 351 F.2d at 887 (citation omitted).

The doctrine of res judicata evolved because of policy concerns. It serves the interest of avoiding unnecessary litigation. *Angel v. Bullington*, 330 U.S. 183, 192–93, 67 S.Ct. 657, 662–63, 91 L.Ed. 832 (1947). The doctrine "rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations." *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). It was "designed to eliminate the expense, vexation, waste, and possible inconsistent results of duplicatory litigation." *Hoag v. New Jersey*, 356 U.S. 464, 470, 78 S.Ct. 829, 834, 2 L.Ed.2d 913 (1958).

■ In this case, appellants asserted numerous federal statutory claims against respondent. Appellants' federal complaint did not, however, define any common law causes of action.[1] While the complaint used terminology also employed in stating common law claims, the terms were used only to state the elements of federal statutory violations. Thus, under none of the tests for res judicata were appellants' common law claims finally determined. The doctrine of res judicata does not preclude appellants from asserting common law causes of action against respondent in state court.

■ 2. The doctrine of claims preclusion, an extension of res judicata law, for-

---

1. The federal statutory complaint includes an allegation that loan instruments "constitute adhesion contracts which are void and illegal as against public policy and consideration of equi-

ty." This claim is not specifically founded on federal statutory law, but the claim is not one which is repeated in the complaint here.

bids a party from asserting in a second lawsuit claims that could have been asserted in the first lawsuit. *Anderson*, 363 N.W.2d at 334. The doctrine will preclude in the second lawsuit claims that could have been asserted in the first lawsuit but were not, provided the plaintiff actually could have asserted those claims in the first suit. *Id.*

In this case, appellants brought a lawsuit against respondent in federal court, asserting federal causes of action. Respondent made a counterclaim in which it sought a deficiency judgment against appellants. Since the counterclaim constituted a common law cause of action, respondent asked the federal district court to assert pendent jurisdiction over that claim. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (pendent jurisdiction appropriate where common law claims and federal claims comprise one lawsuit). When the federal district court dismissed appellants' federal claims, it also declined respondent's request to assert pendent jurisdiction over respondent's common law claims.

We conclude that the federal court decision necessarily affects all common law claims, not just respondent's. One of the purposes of the doctrine of pendent jurisdiction is to promote fairness to litigants. *Oetiker v. Jurid Werke, G.m.b.H.*, 556 F.2d 1, 4–5 (D.C.Cir.1977). Had it done so directly, expressly, it would have been unfair in this case for the federal district court to dismiss the common law claims of one party and preserve the common law claims of the other. To have done so would have meant that the party whose common law claims were dismissed would have been unable to defend against the claims of the party whose claims were not dismissed: many of the issues would have been decided by the dismissal of the claims, which rendered res judicata many of the party's defenses. What could not have been done directly cannot be assumed as a matter of claims preclusion. Precedent decisions on claim preclusion demand this conclusion.

Likewise, independent of analyzing claim preclusion law, it is erroneous here to interpret narrowly the federal court decision as refusing pendent jurisdiction over one party's claim and assuming pendent jurisdiction over the other party's claim. To judge that this refusal did not reach the claims of both parties is to attribute unfairness to the action of the federal court. Common law claims are not extinguished when a federal district court declines to assume pendent jurisdiction; refusal to take jurisdiction means only that the court will not decide the issues. *In re General Motors Corporation Engine Interchange Litigation*, 594 F.2d 1106, 1134 (7th Cir.), *cert. denied sub. nom General Motors Corporation v. Oswald*, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979). Since the federal district court declined to take pendent jurisdiction over the common law claims in the first action, they remained viable for consideration in a state court.

3. The state district court held that even without the application of the doctrine of res judicata, the defendants are entitled to summary judgment in this matter.

The court found that the Farm Credit Act "was not intended to, nor does it create a private cause of action on behalf of the plaintiffs." The court is clearly correct that the Farm Credit Act does not create a private cause of action for those aggrieved by an organization covered under the act. *See Bowling v. Block*, 602 F.Supp. 667, 670 (S.D.Ohio 1985); 12 U.S.C. §§ 2001–2259 (1982). That does not preclude a plaintiff, however, from asserting in a state court common law causes of action against the organization. *See Bowling*, 602 F.Supp. at 670. Therefore, the district court could not preclude appellants from asserting common law causes of action against respondent in state court.

4. The trial court also concluded that common law claims of appellants, dealing with alleged misrepresentations of PCA employees, were inadequate as a matter of law. When considering an appeal from a

summary judgment, we must decide whether any genuine issues of material fact existed and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

Appellants say that respondent's representatives led appellants to believe that if they followed PCA directives, they would have no difficulty obtaining PCA funding in the future. In reliance upon those representations, appellants took many actions that they otherwise might not have taken: they gave PCA a second mortgage on their farm, they sold down their herd, and they cash-leased part of their property, using the proceeds to pay back part of the debt owed to PCA. After the appellants complied with each request, respondent denied them any further funding and now seeks to foreclose on the debt still outstanding. There remains a fact question as to whether respondent made actionable promises or representations to appellants.

The trial court found that appellants knew PCA employees had no authority to make representations about future credit. In a deposition, Leif Johansen said he knew loan renewals "had to go to the board," but he argued that the PCA agent who talked to him knew what the board would approve. The statement leaves the court with genuine issues of fact on the agent's real and apparent authority to make loan commitments.

We conclude that a summary judgment on claims related to employee statements was inappropriate. Outside of the effects of an earlier federal decision, the case involves a serious dispute arising in the setting of a national crisis for farm families and farm lenders. Financial projections employed in making credit decisions have proven to be mistaken in countless cases. Borrowers and lenders have had to engage in unprecedented maneuvers to deal with risky loans. The issues in this case suggest that one or both parties made serious errors that leave with them liabilities related to a problem loan. Summary judgment law mandates that those issues be fairly resolved without premature assumptions against the interests of either party.

### DECISION

Because appellants asserted different causes of action in the second lawsuit, the causes of action were not rendered res judicata by the first suit. Appellants' common law causes of action survived the first lawsuit where the federal district court declined to accept pendent jurisdiction over respondent's common law causes of action. A private party may assert a common law cause of action against a creature of federal statute even though the federal statute does not provide for a private cause of action. A summary judgment was inappropriate where genuine issues of material fact remained to be resolved.

Reversed and remanded.