**PRODUCTION CREDIT ASSOCIATION OF WORTHINGTON, Minnesota,**
**Respondent,**

v.

**Stanley VAN IPEREN, et al.,**
**Appellants.**

**No. C4–86–726.**

Court of Appeals of Minnesota.

Nov. 10, 1986.

Review Denied Jan. 21, 1987.

C. Thomas Wilson, Leah R. Bussell, Gislason, Dosland, Hunter & Malecki, New Ulm, for respondent.

George T. Qualley, Mendota Heights, for appellants.

Heard, considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ.

**OPINION**

POPOVICH, Chief Judge.

This appeal is from a directed verdict for respondent on appellants' farm operations loan default and an order denying a new trial. Appellants claim the trial court erred in (1) dismissing appellants' state common

law actions based on non-compliance with the federal Farm Credit Act, and (2) ruling as irrelevant evidence regarding respondent's lack of good faith in administering the loan. We affirm.

## FACTS

Appellants Stanley and Stephena Van Iperen began financing their farming operations through respondent Production Credit Association of Worthington in 1971. On October 23, 1979, the parties entered a basic loan agreement which states the loan was governed by the Farm Credit Act of 1971 and its regulations. Each year thereafter the parties signed a supplementary loan agreement renewing the loan for the following crop year. The supplementary loan agreement signed on November 29, 1983 states:

The entire remaining loan balance shall be due and payable on November 30, 1984, unless by November 30, 1984, the parties have agreed to an extension of the repayment terms in writing.

On November 30, 1984, respondent called for full repayment.

In March 1985, respondent served a summons and complaint alleging appellants' default on their loan obligation and indebtedness of $181,882.45 and seeking to enforce its security interest in appellants' property. Appellants answered and alleged the following affirmative defenses:

1. The Complaint fails to state a cause of action.
2. The [respondent] is barred by the doctrines of waiver and estoppel from recovering the relief requested.
3. The [respondent] has failed to comply with the conditions precedent to foreclose upon its loans to the [appellants].

Appellants also counterclaimed based on respondent's (1) breach of statutory duty under the federal Farm Credit Act, 12 U.S.C. §§ 2001–2259, (2) breach of implied contract implicit in the terms of the financing contracts, (3) breach of the parties' express contracts, (4) breach of fiduciary duty and (5) negligence. Non-compliance with the Farm Credit Act provided the basis for each of appellants' counts.

Respondent moved for replevin of appellants' property pursuant to Minn.Stat. § 565.23. By order filed August 2, 1985, respondent's motion was denied and the matter was directed to proceed to trial on the merits.

On November 26, 1985, this court released its opinion in *Johansen v. Production Credit Association of Marshall-Ivanhoe,* 378 N.W.2d 59 (Minn.Ct.App.1985). The *Johansen* court stated:

The [trial] court is clearly correct that the Farm Credit Act does not create a private cause of action for those aggrieved by an organization covered under the act. *See Bowling v. Block,* 602 F.Supp. 667, 670 (S.D.Ohio 1985); 12 U.S.C. §§ 2001–2259 (1982). That does not preclude a plaintiff, however, from asserting in a state court common law causes of action against the organization. *See Bowling,* 602 F.Supp. at 670. Therefore, the district court could not preclude appellants from asserting common law causes of action against respondent in state court.

*Id.* at 62.

In response to *Johansen,* respondent moved for summary judgment on all counts of appellants' counterclaim. The trial court granted respondent's motion.

The trial court also ruled on two other pre-trial evidentiary motions. First, the court stated it would rule as irrelevant any evidence regarding (1) respondent's forbearance in taking steps to secure a remedy, (2) notice by respondent to appellants in not renewing their credit relationship, and (3) absence of any information regarding appellants' right to appeal respondent's decision. Second, the court held appellants would not be permitted to rely on their affirmative defenses of waiver and estoppel based on the parties' past course of dealing.

The parties proceeded to a jury trial on December 17–18, 1985. After respondent had presented its case-in-chief, appellants

moved for reconsideration of the court's pre-trial rulings. That motion was denied. Appellants' motion to dismiss based on respondent's failure to show default was denied. The trial court also denied at that time respondent's motion for a directed verdict.

After further in-chambers discussion regarding appellants' proposed case-in-chief, appellants rested believing that they would not be able to present their case in light of the court's rulings. Both parties moved for a directed verdict. Respondent's motion was granted, appellants' denied. The trial court filed its written order on December 27, 1985. The trial court entered judgment on December 30, 1985 in favor of respondent for $181,882.45, which provided respondent could take possession of all collateral.

By order filed February 25, 1986, appellants' motion for a new trial was denied. The trial court stated the Farm Credit Act cannot give rise to any cause of action whether explicitly or implicitly based on violation of its provisions.

On March 26, 1986, appellants filed a notice of appeal of the December 30 judgment but did not include a statement of the case (C5–86–539). On March 31, 1986, appellants filed an amended notice of appeal of the December 30 judgment and the order denying a new trial together with a statement of the case. This court ordered the original appeal dismissed and the amended notice of appeal treated as this new appeal.

## ISSUES

1. Can a state common law action be based on noncompliance with the federal Farm Credit Act?

2. Did the trial court improperly rule as irrelevant evidence regarding respondent's lack of good faith in assessing its security?

## ANALYSIS

1. Appellants claim respondent's failure to consider forebearance or give notice of denial of credit or right of appeal was negligent and a breach of the parties' loan agreement. While they concede no federal private cause of action exists under the Farm Credit Act, 12 U.S.C. §§ 2001–2259 (1982), appellants seek to pursue state common law actions in tort and contract based on policies enunciated in the federal statute.

This court has stated the federal act "does not create a private cause of action for those aggrieved by an organization covered under the act." *Johansen v. Production Credit Association of Marshall-Ivanhoe*, 378 N.W.2d 59, 62 (Minn.Ct.App.1985). However, farmers are not precluded from asserting state common law actions. *Id.; see Spring Water Dairy, Inc. v. Federal Intermediate Credit Bank of St. Paul*, 625 F.Supp. 713, 720 (D.Minn.1986) (while no private cause of action exists under the Farm Credit Act, farmers "can still protect their rights as debtors under state law"); *see also Corum v. Farm Credit Services*, 628 F.Supp. 707, 719–20 (D.Minn.1986). While respondent concedes common law claims may be asserted in state court, it argues the Farm Credit Act cannot be used to establish duties which form the basis for legal action.

Precedent does exist for permitting state courts to find breach of duties arising under a federal statute which does not create a federal private cause of action. *See Hofbauer v. Northwestern National Bank of Rochester*, 700 F.2d 1197, 1201 (8th Cir. 1983) ("The [National Flood Insurance Act] does not itself create a federal cause of action, but we do not think it prohibits a state court from finding negligence when there has been a violation of the statute."); *Iconco v. Jensen Construction Co.*, 622 F.2d 1291, 1299 (8th Cir.1980) ("We find nothing in Iowa law inconsistent with the idea of looking to a federal statute for guidance in determining whether one has committed fraud or been unjustly enriched * * *."); *cf. Swenson v. Emerson Electric Co.*, 374 N.W.2d 690 (Minn.1985) *cert. denied* —— U.S. ——, 106 S.Ct. 1998, 90 L.Ed.2d 678 (1986) (interpretive rules promulgated under federal Consumer Product

Safety Act, which did provide for private causes of action, could form the basis for a cause of action). While these cases create the opportunity for state courts to base common law actions on non-compliance with federal statutes, the state court is not committed to root a state private cause of action in a federal act.

In reaching our decision, we find it necessary to determine the nature of the federal act's provisions. Appellants claim legislative history demonstrates the intent that farmers be able to enforce by private cause of action noncompliance with the Farm Credit Act. They cite the court to congressional discussions and codifications regarding the Farm Credit Amendments Act of 1985. But "[i]n ascertaining and giving effect to legislative intent, we are limited to analyzing *contemporaneous* legislative history." *Laue v. Production Credit Association of Blooming Prairie,* 390 N.W.2d 823, 828 (Minn.Ct.App.1986) (footnote omitted) (emphasis in original). We do not defer to this 1985 "legislative history" and agree with the trial court which stated:

> The referenced colloquy between Representatives Penny and DeLaGarza, wherein these Congressmen recite their understanding of the effects of the amended Farm Credit Act is not binding on this Court as to what the statute says or means, nor is it dispositive on whether the Farm Credit Act of 1971, as amended, provides a private cause of action. * * [T]he substance of the Act must be examined to answer the question of whether a cause of action is provided rather than the comments of committee persons as they field questions on the bill. No specific provision of the amendments to the Farm Credit Act are pointed to by [appellants] to suggest that a remedy is now available to them based on a violation of the Act.

Furthermore, the amendments referred to by the [appellants] were not effective until after the contract date between the parties herein. It is doubtful these 1985 amendments to the Farm Credit Act, even if they have the effect [appellants] suggest, could be retroactively applied to "rewrite" the contract between these parties.

■ We conclude as controlling the interpretation stated in *Smith v. Russellville Production Credit Association,* 777 F.2d 1544 (11th Cir.1985). That court stated:

> [T]he "means of forbearance" regulation in the present case is not a substantive rule but, rather, is a general statement of agency policy. The regulation states that, when banks and associations develop their loan servicing policies and procedures, *"the policy* shall provide a means of forbearance" for borrowers meeting certain criteria. 12 C.F.R. § 614.4510(d)(1) (emphasis added). Although the term "shall" indicates the mandatory nature of this policy, *the regulation is nevertheless directed at agency policy, and is not a substantive rule.* Accordingly, we hold that 12 C.F.R. § 614.4510(d)(1) does not have the force and effect of law, and does not provide the basis for an implied private right of action on behalf of borrowers * * *.

*Id.* at 1548 (emphasis added).

That language speaks toward the entire act. To establish a state private cause of action here, respondent would have to owe appellants a duty or obligation based on agency policy. Given the nonsubstantive nature of the Farm Credit Act, we decline to impose such dutiful or obligatory compliance.

Appellants assert respondent is bound to strict compliance with the act's provisions because the basic loan agreement incorporated the Farm Credit Act.

> Remedies and "obligation" are created by the law, not by the parties; and the interpretation involved is constitutional and statutory interpretation.

A. Corbin, *Corbin on Contracts* § 551, at 200 (1960). We will not impose an obligation and remedy when the statute cannot be interpreted to create one.

2. Appellants claim the trial court erred in refusing evidence regarding respondent's alleged lack of good faith in adminis-

tering the involved loan. The parties' basic loan agreement provides six circumstances by which default may occur.

At trial, respondent's John Giese, who informed appellants their loan was due, testified his contention appellants were in default based on the loan provision stating respondent in good faith deemed itself insecure. Appellants attempted to inquire regarding respondent's good faith, but the trial court ruled such testimony irrelevant.

Appellants made an offer of proof. regarding their intent. They sought to inquire regarding respondent's determination of insecurity for the purpose of ascertaining whether respondent's assessment was made in good faith. Appellants planned to demonstrate Mr. Giese, without making an inspection of appellants' assets, informed them they had to refinance or sell out. We find appellants' offer of proof lacking in specificity and insufficient. *See* Minn.R. Civ.P. 43.03 ("attorney may make a specific offer").

In addition, respondent's complaint was based on a separate circumstance of default as stated in the basic loan agreement. Respondent alleged in essence default was based on failure to pay indebtedness. Appellants were attempting to inquire based on a witness' contention, not the formal cause of action sued by respondent. We do not find error in the trial court's conclusion evidence of respondent's bad faith in assessing its security is irrelevant.

## DECISION

The trial court properly dismissed appellants' entire counterclaim as based on noncompliance with the Farm Credit Act because the federal statute provides only policy which is insufficient to base a common law action. The trial court properly ruled as irrelevant evidence of respondent's alleged lack of good faith in assessing its security.

Affirmed.