**Robert L. BEVIER, et al., Appellants,**

v.

**PRODUCTION CREDIT ASSOCIATION OF SOUTHEAST MINNESOTA f/k/a Production Credit Association of Blooming Prairie and Production Credit Association of St. Charles, Respondent.**

No. C1–88–901.

Court of Appeals of Minnesota.

Sept. 27, 1988.

Scott J. Strouts, James M. Corum, Minneapolis, for appellants.

Christine M. Schild, O'Brien, Ehrick, Wolf, Deaner & Downing, Rochester, for respondent.

Heard, considered and decided by FOLEY, P.J., and HUSPENI and SHORT, JJ.

### OPINION

FOLEY, Judge.

This appeal is from a summary judgment granted to respondent, Production Credit Association of Southeast Minnesota, denying the appellants, Robert L. and Donna B. Bevier, common law causes of action based on the internal policies of Production. We affirm.

## FACTS

The Beviers are husband and wife who farm in Blooming Prairie Minnesota; Production is a federally chartered instrumentality of the United States and component part of the Federal Farm Credit System. Production operates under the Farm Credit Act of 1971, as amended, 12 U.S.C. § 2001, *et seq.*

Production began loaning money to finance the Beviers' farming operation in 1977. On September 25, 1985, the parties entered into an agreement pursuant to which the Beviers surrendered certain property they had pledged to Production as security for their loan. In September 1986, the Beviers' brought an action against Production for money damages, asserting claims of negligence and breach of contract.

The Beviers complaint states two causes of action. The first cause of action alleges that Production negligently violated its internal lending standards and negligently gave them detrimental business advice. The second cause of action alleges that Production violated the covenant of good faith and fair dealing in the loan and security agreements between the parties.

The Beviers assert that their original complaint alleges state common law causes of action, based on Production's *internal* policies and not on violations of the Farm Credit Act of 1971, as amended, or on violations of Farm Credit Administration's regulations or policies.

Production moved for judgment on the pleadings, or for summary judgment asserting that a Farm Credit borrower may neither sue Production for an alleged violation of the Farm Credit Act, regulations, or policies promulgated pursuant to that Act nor base a state law claim for negligence or breach or contract upon duties arising out of the Farm Credit Act, its regulations, or policies. The trial court granted Production's motion for summary judgment.

## ISSUE

Did the trial court err by granting Production's motion for summary judgment?

## ANALYSIS

On appeal from summary judgment, it is the function of the appellate court to determine whether genuine issues of material fact exist and whether the trial court erred in its application of the law. *Hunt v. IBM Mid America Employees Federal Credit Union,* 384 N.W.2d 853, 855 (Minn.1986). *See also* Minn.R.Civ.P. 56.03. Where, as here, only questions of law are at issue, we are free to conduct an independent review of the case. *Service Oil, Inc. v. Triplett,* 419 N.W.2d 502, 503 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. April 20, 1988).

It is well established law that "the Farm Credit Act does not create a private cause of action for those aggrieved by an organization covered under the act." *Johansen v. Production Credit Association of Marshall–Ivanhoe,* 378 N.W.2d 59, 62 (Minn.Ct. App.1985) (citing *Bowling v. Block,* 602 F.Supp. 667, 670 (S.D.Ohio 1985), *aff'd,* 785 F.2d 556 (6th Cir.1986), *cert. denied sub nom, Bower v. Lyng,* 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986); 12 U.S.C. §§ 2001–2259 (1982)).

The Beviers conceded at oral argument that no private cause of action is available to the borrower under the Farm Credit Act. It is the contention of the Beviers, however, that a private cause of action for negligence and breach of contract would lie against Production or its board of directors arising out of Production's internal policies.

We held in *Production Credit Association of Worthington v. Van Iperen,* 396 N.W.2d 35 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Jan. 21, 1987), that certain policies required by federal regulations do not establish a state private cause of action and declined "to impose such dutiful or obligatory compliance" because the regulations establish agency *policy* rather than substantive *law.* *Van Iperen,* 396 N.W.2d at 38. *See also, Spring Water Dairy, Inc. v. Federal Intermediate Credit Bank of St. Paul,* 625 F.Supp. 713, 720 (D.Minn. 1986) ("plaintiffs cannot assert a private cause of action under the Farm Credit Act or its regulations"); *Smith v. Russellville Production Credit Association,* 777 F.2d

1544, 1548 (11th Cir.1985) ("the 'means of forbearance' regulation in the present case is not a substantive rule but, rather, is a general statement of agency policy. * * * Accordingly, we hold that 12 C.F.R. § 614.4510(d)(1) does not have the force and effect of law, and does not provide the basis for an implied private right of action on behalf of borrowers * * *.").

We are asked to hold that an agency or its board of directors owes a borrower a duty or obligation based on agency *policy,* not substantive law. We decline to do so. Such regulations or policies of an agency do not create a standard of care or contractual or fiduciary duties. *Mendel v. Production Credit Association of the Midlands,* 656 F.Supp. 1212, 1217 (D.S.D.1987) (citing *Van Iperen*). As such, Production's internal policies do not create a standard of care that can be relied on by the Beviers. *See Ebenhoh v. Production Credit Association of Southeast Minnesota,* 426 N.W.2d 490 (Minn.Ct.App.1988), *pet. for rev. filed* (Minn. Aug. 22, 1988) (a production credit association's lending policies are not "readily severable from credit and lending policies of the Farm Credit Agency. * * * There is simply nothing that indicates PCA's internal lending policies create specific enforceable rights.")

The Beviers rely on a recent unpublished 8th circuit opinion, *Overvaag v. Production Credit Association of the Midlands,* 845 F.2d 1028 (8th Cir.1988), which is a factually similar case. There, the court discussed *Hofbauer v. Northwestern National Bank of Rochester,* 700 F.2d 1197 (8th Cir.1983), and noted:

> *Hofbauer* does say that federal statutes (and the same rationale could well apply to regulations or to policies adopted by federal instrumentalities) may create a standard of conduct the breach of which amounts to common-law negligence under the law of any given state. *Whether a state chooses to recognize this theory of negligence,* however, *is a choice for it to make,* and here the District Court, sitting in the state whose law is being applied, has decided that there is no such right of action.

*Id.,* 2 (emphasis added). In *Ebenhoh,* we held there is no cause of action for the violation of Production Credit Association of Southeast Minnesota's internal lending policies. *Id.* at 493.

Accordingly, a negligence action or breach of contract action cannot be based on a breach of mere *policies* of Production or of the Farm Credit Act that do not have the full force and effect of substantive law. Production was entitled to judgment as a matter of law and summary judgment was properly granted.

## DECISION

AFFIRMED.