Dennis MENDEL and Thelma Mendel,
husband and wife,
Plaintiffs–Appellants,

v.

PRODUCTION CREDIT ASSOCIATION OF THE MIDLANDS, formerly Mitchell–Huron Production Credit Association, Defendant–Appellee.

PRODUCTION CREDIT ASSOCIATION OF THE MIDLANDS, F/D/B/A Mitchell–Huron Production Credit Association, Plaintiff–Appellee,

v.

Dennis MENDEL and Thelma Mendel,
Defendants–Appellants.

No. 87–5323 SD.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 9, 1988.

Decided Dec. 6, 1988.

Fred Hendrickson, Sioux Falls, S.D., for plaintiffs-appellants.

Steven Johnson, Yankton, S.D., for defendant-appellee.

Before HEANEY and MAGILL, Circuit Judges, and FAIRCHILD *, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Plaintiffs Dennis and Thelma Mendel brought an action in a South Dakota court against Production Credit Association of the Midlands (PCAM). PCAM is a federal corporate entity with its principal place of business in Nebraska. On June 13, 1986, PCAM removed the case to the United States District Court for the District of South Dakota, showing diversity of citizenship in that the Mendels are citizens and residents of Arizona.

Plaintiffs formerly were farmers, residing in South Dakota, and had borrowed from PCAM. PCAM was formerly Mitchell–Huron Production Credit Association, with an office in South Dakota, and the loan transactions underlying the action appear to have been carried out in South Dakota. The parties appear to accept South Dakota law as governing substantive state law questions.

The removed action became CIV 86–4104. In this action, plaintiffs sought damages for alleged failures to perform duties owed to them under provisions of the Farm Cred-

---

* The Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

it Act and its Amendments, including rules, regulations, and policies thereunder.

On June 9, 1986, PCAM brought a diversity action against the Mendels in the same federal district court, seeking recovery on promissory notes, and an order that the Mendels turn over proceeds of sale of personal property securing the notes. This action is CIV 86–4098.

The two actions were heard together and were at least informally consolidated. A notation on the docket sheet of CIV 86–4104 reads: "This case consolidated with CIV 86–4098 pursuant to oral instructions from JBJ. See CIV 86–4098 for further filings." The initials are evidently those of the Honorable John B. Jones, Judge of the District Court for South Dakota, who conducted all proceedings. No written order of consolidation was entered and all formal papers bear both captions and both civil action numbers.

On April 3, 1987, Judge Jones granted PCAM's motion for summary judgment in each action. Judgment was entered April 6 dismissing CIV 86–4104 with prejudice, and awarding money recovery to PCAM in CIV 86–4098. The Mendels made a timely motion for reconsideration under Rule 59(e), F.R.Civ.P. On June 17, 1987, Judge Jones denied the motion in CIV 86–4104, but granted it for redetermination of the amount of recovery in CIV 86–4098. Judgment in CIV 86–4098 was amended September 15, 1987.

■ On July 16, 1987, the Mendels filed a notice of appeal, captioned in both CIV 86–4098 and 86–4104. It is clear that at least in CIV 86–4098 the notice of appeal was filed before the disposition of the motion, and therefore had no effect. Rule 4(a)(4), F.R.A.P. It follows that if the two actions were really consolidated and merged into one, the notice of appeal would have no effect at all, and the entire appeal must be dismissed. We are satisfied, however, that technical consolidation into a single action did not occur, but rather an

arrangement for joint proceedings and hearings, for convenience.[1]

Accordingly, we dismiss the appeal only in CIV 86–4098.

Judge Jones published his opinion and order granting PCAM's motion for summary judgment. *Mendel v. Production Credit Ass'n of the Midlands*, 656 F.Supp. 1212 (D.S.D.1987). As stated at p. 1214:

The issue in CIV 86–4104 is whether the Mendels can maintain an action for damages based on either (1) The Farm Credit Act of 1971 (FCA), 12 U.S.C.A. sections 7001 *et seq.* (1980 & Supp.1986), (2) the Farm Credit Amendments Act of 1985 (1985 Amendments), Pub.L. No. 99–205, 99 Stat. 1678, or (3) on state law.

He concluded that their action could not be maintained on any of those bases.

The Mendels make three arguments on appeal. The first two appear to challenge Judge Jones' conclusion that neither the Farm Credit Act nor the 1985 Amendments created by implication a private right of action for damages.

■ It has been widely held that the Farm Credit Act created no implied private right of action. See cases cited, 656 F.Supp. at 1215, and also *Bowling v. Block*, 785 F.2d 556 (6th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986). We agree. As to the 1985 Amendments, this court has recently held that the 1985 Amendments did not create an implied right of action for damages. *Redd v. Federal Land Bank of St. Louis*, 851 F.2d 219, 223 (8th Cir.1988).

The Mendels' third argument is that the Farm Credit Act and the 1985 Amendments imposed on PCAM standards of conduct, the breach of which would give rise to state law causes of action on theories of breach of contract, breach of fiduciary duties, and negligence.

The claimed violations of standards imposed by the Farm Credit Act are set forth at 656 F.Supp. at 1214. The claimed violations of the 1985 Amendments are listed at

---

1. See comment on similar problem in *Soo Line R. Co. v. Escanaba & Lake Superior R. Co.*, 840 F.2d 546, 548 (7th Cir.1988).

656 F.Supp. at 1215. PCAM points out that the 1985 Amendments became effective on January 22, 1986, thirty days after enactment. Most of the relevant transactions between the Mendels and PCAM had occurred before the effective date. Moreover, PCAM argues, several of the provisions relied on by Mendels were dependent on regulations which were not issued until October 28, 1986, effective November 28, 1986. 51 Fed.Reg. at 39486. We note, but do not rely on, this argument that no duties created by the 1985 Amendments could apply to the Mendels.

■ This court has held that even where a federal act does not create a private cause of action for violation of the standards of conduct it prescribes, it may be that conduct violating the standards will give rise to a state common law cause of action. Whether it does so is a question for the courts of the particular state, *Hofbauer v. Northwestern Nat. Bank of Rochester,* 700 F.2d 1197, 1201 (8th Cir. 1983), *citing Iconco v. Jensen Construction Co.,* 622 F.2d 1291, 1296 (8th Cir.1980).

Accordingly, we must decide whether the courts of South Dakota would recognize a cause of action based on the violations claimed by the Mendels.

Minnesota's Court of Appeals declined to recognize a state law cause of action based on noncompliance with the Farm Credit Act because the court considered that the Act provided only policy rather than a substantive rule. *Production Credit Ass'n v. Van Iperen,* 396 N.W.2d 35, 38 (Minn.App.1986).

■ In this diversity case we are bound to follow the law of South Dakota as to the existence of a state law cause of action. Two recent decisions of the Supreme Court of South Dakota, one dealing with the Farm Credit Act prior to the 1985 Amendments and one with the latter, appear to reject the theory that the provisions of those statutes, and the regulations under them, relied on by the Mendels, impose duties on production credit associations the breach of which gives rise to a state law cause of action.

In *Yankton Prod. Credit Ass'n v. Jensen,* 416 N.W.2d 860 (S.D.1987), involving the Farm Credit Act, the court said:

Jensens' [defendant borrowers'] counterclaim consisted of five counts. I. Breach of statutory duty. II. Breach of implied contract. III. Breach of express contract. IV. Breach of fiduciary duty. V. Negligence. At trial the court dismissed Counts I and IV on the basis that those counts were grounded on violations of the FCA and regulations promulgated thereunder. Upon a review of the findings of fact, we agree that Jensens failed to state a claim upon which relief can be granted.

P. 863.

The Supreme Court went on to deal with the counts which the trial court had let stand.

The Supreme Court reversed as to Count II, Breach of implied contract. Although it accepted the trial court's view that this count was not founded on the Farm Credit Act, it could find no language in the financing documents to support the claimed implied contract. Pp. 863–64.

The Supreme Court affirmed as to Count III, Breach of express contract, because the issues do not relate to the Farm Credit Act, but rather to the actions of the parties. P. 864.

The Supreme Court reversed as to Count V, Negligence, because "[i]n this case it is clear that the only duty Jensens rely on to sustain their claim is based on the provisions of the FCA and the regulations promulgated thereunder." P. 864.

In *Federal Land Bank of Omaha v. Jensen,* 415 N.W.2d 155 (S.D.1987), involving the 1985 Amendments, defendant borrowers filed a counterclaim for damages, for alleged breach of express and implied contract, breach of fiduciary duty and negligence. On plaintiff's motion, the trial court granted partial summary judgment as to "all allegations ... based upon alleged violations of the Farm Credit Act and any regulations promulgated thereunder," but denied summary judgment as to

"causes of action ... which are based solely upon state law...." P. 158.

The Supreme Court observed,

"[W]e do not read the trial court's decision to give Jensens any state cause of action based on the FCA.

To the contrary, the trial court's holding ruled out causes of action *based upon alleged violations* of the FCA while preserving causes of action *based solely upon* state law. That spells it out about as clearly as can be done, considering the state of the pleadings.

The Jensens' counterclaim is a hodge-podge of claims, most of which are based on the 1985 Amendments and the rules and regulations adopted pursuant thereto. However, the trial court, in rejecting the federal claims, apparently recognized some state claims independent of the federal claims and denied summary judgment as to them. Striking the references to the federal enactment from the counterclaim, we perceive that there may well be state law issues as to which there are material disputes of fact and accordingly we affirm the trial court on that issue...."

Pp. 158–59 (emphasis in original).

It seems to us that the Supreme Court of South Dakota preserved possible state law causes of action for trial, but only after making sure that they were not predicated on breaches of duties imposed by the Act or the 1985 Amendments.

The complaint in CIV 86–4104 stated three counts, one for breach of express and implied contract, breach of fiduciary duty, and negligence. Although mindful of our duty to read a complaint liberally, the Mendels' briefs make it plain that these claims were based exclusively on alleged breaches of the obligations imposed on PCAM by the Farm Credit Act, the 1985 Amendments, and the regulations thereunder.

As we read the opinions of the Supreme Court of South Dakota, it would affirm this judgment as to state law claims if before it.

The judgment in No. 86–4104 is AFFIRMED. The appeal from the judgment in No. 86–4098 is DISMISSED.