[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO STRIKE
On April 15, 1994, the plaintiff, Dennis J. Bigler, filed a six count revised complaint against the defendants, Centerbank and Centerbank Mortgage Company (defendants). The plaintiff alleges in the complaint that the defendants loaned the plaintiff money to purchase a home but neglected to inform the plaintiff, as was required by 42 U.S.C. § 4104a, that the home he was purchasing was located in a flood zone.[1] Subsequently, there was a flood that damaged the plaintiff's home but the plaintiff did not have flood insurance because he did not know that he lived in a flood zone. This action seeks money damages for the flood damage to the plaintiff's property and related losses.
Counts one through three of the revised complaint state that the defendants' violation of 42 U.S.C. § 4104a provides a basis for a state common law action for negligence, misrepresentation, and fraud, respectively. The plaintiff alleges in counts four and six that the defendants failure to inform the plaintiff that the home he was purchasing was in a flood zone was an unfair trade practice in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a, et seq. (CUTPA). Count five is a breach of contract claim.
On August 19, 1994, the defendants filed a motion to strike counts one through four and six of the plaintiff's revised complaint as well as a memorandum in support. In the memorandum, the defendants argue that counts one through three of the complaint should be stricken because 42 U.S.C. § 4104a was not meant to CT Page 12675 protect homeowners and that counts four and six should be stricken because single instances of unfair practice will not support an action under CUTPA. On September 16, 1994, the plaintiff filed an objection to the motion to strike with accompanying memorandum.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; . . . and if facts provable under the allegations would support a defense or cause of action, the [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). "[F]acts . . . [are] construed in a manner most favorable to the pleader. . . . [A]ll well pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted.) Amodio v. Cunningham, 182 Conn. 80,82-83, 438 A.2d 6 (1989). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.)Mingachos v. CBS, Inc., supra, 108. "[I]n ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138,140, 438 A.2d 27 (1980). "A motion to strike is the proper vehicle to test the legal sufficiency of a CUTPA claim." Levesquev. Kris Enterprises, 4 Conn. L. Rptr. 86 (May 20, 1991, Susco, J.), citing Ivey Barnum O'Mara v. Indian Harbor Properties Inc.,190 Conn. 528, 530, 461 A.2d 1369 (1981).
Counts One Through Three
The plaintiff in counts one through three is not alleging federal causes of action based on 42 U.S.C. § 4104a[2] but rather state common law claims for statutory negligence, misrepresentation and fraud, respectively. To maintain a state common law claim for violation of a statute, the plaintiff must satisfy the following two conditions: "(1) the plaintiff must be a member of the class protected by the statute; and (2) the injury must be of the type the statute was intended to prevent." Tackling v. Shinerman,42 Conn. Sup. 517, 523, 630 A.2d 1381 (1993), citing, Small v. SouthNorwalk Savings Bank, 205 Conn. 751, 760, 535 A.2d 1292 (1988).
The federal courts that have interpreted 42 U.S.C. § 4104a
have held that the statute does not create an implied private cause of action on behalf of the borrower. See e.g., Mid-America NationalBank of Chicago v. First Federal Savings and Loan Association ofCT Page12676 South Holland, 737 F.2d 638
(7th Cir. 1984), cert. denied 469 U.S. 1160,105 S.Ct. 911 (1985); Hofbauer v. Northwestern National Bankof Rochester, 700 F.2d 1197 (8th Cir. 1983); Arvai v. First FederalSavings and Loan Assoc., 539 F. Sup. 921 (1982). In making this determination, the federal courts found that borrowers were not the "special class" for which 42 U.S.C. § 4104a was enacted to protect.Hofbauer v. Northwestern National Bank of Rochester, supra, 1200. Rather, the federal courts determined that, although borrowers derived a benefit from 42 U.S.C. § 4104a, the primary protected class under the statute was the lending institutions. "It is obvious that Congress also intended borrowers to benefit from . . . the notice provisions of Section 4104a, but the Flood Program is primarily concerned with protecting the federally supervised and insured lenders since the flood insurance purchase requirement of Section 4012a(b) extends only to the amount of the outstanding loan balance and not the borrower's equity." Mid-America National Bankof Chicago v. First Federal Savings and Loan Association of SouthHolland, supra, 643. Section 4104a was "not enacted for the benefit of borrowers. . . . The notice requirement in 42 U.S.C. § 4104a
certainly helps borrowers, but it was enacted at least in part to stem the development of flood hazard areas and further diminish the burden of federal disaster assistance" (Citations omitted.) Hofbauer v. Northwestern National Bank of Rochester,
supra, 1200. "There can be no doubt that purchasers of homes located in hazardous flood-prone areas are, at least, indirect beneficiaries of the Act's protection. . . . However, home purchasers were not Congress' sole concern in enacting the statutory scheme. Congress placed considerable attention on the fact that then-existing State and local disaster relief programs were generally inadequate, and that federal expenditures for flood-stricken areas were ever-increasing." Arvai v. First FederalSavings and Loan Assoc., supra, 923. "The [Federal Disaster Protection] Act is designed to protect, primarily, a class of federally supervised and regulated loans and . . . no especial benefit was intended by Congress for the purchaser's Id., citingPippin v. Burkhalter, 278 S.E.2d 603 (1981). Accordingly, the court finds that the plaintiff's status as a homeowner and borrower, who derives a benefit from 42 U.S.C. § 4104a, is not sufficient to consider the plaintiff a member of "the class" intended to be protected by the statute. Therefore the plaintiff's common law claims for negligence, misrepresentation and fraud must be stricken.[3]
Counts Four and Six
CT Page 12677
In counts four and six of the complaint the plaintiff alleges that Centerbank violated CUTPA by neglecting to inform the plaintiff that the home he was purchasing was in a flood zone. In a recent Supreme Court opinion, the court determined that the banking industry is governed by CUTPA. Normand Josef Enterprises,Inc. v. Connecticut National Bank, 230 Conn. 486, 512-13, (1994). Not resolved by the Court in that case, however, is the issue of whether a single instance of misconduct, as is alleged in the instant case, amounts to an actionable CUTPA violation.
The Supreme Court has never directly addressed the issue of whether a single instance of misconduct is sufficient to sustain a CUTPA claim. The court in Mead v. Burns, 199 Conn. 651,509 A.2d 11 (1986), however, held that a single instance of unfair practices did not amount to an actionable claim under the Connecticut Unfair Insurance Practices Act (CUIPA). In Quimby v. Kimberly ClarkCorp., 28 Conn. App. 660, 613 A.2d 838 (1992), the Appellate Court held that the standard used by the court in Mead v. Burns, supra, applied not only to CUIPA claims but to CUTPA claims as well. "Under the guidelines set forth in Mead v. Burns, supra, for a plaintiff to allege CUIPA and CUTPA violations successfully the plaintiff must allege more than a singular failure to settle a plaintiff's claim fairly. The plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice." Quimby v.Kimberly Clark Corp., supra, 28 Conn. App. 672.
Since counts four and six of the plaintiff's complaint, which purport to be CUTPA claims, do not allege that the act complained of has been committed by the defendants with such frequency as to indicate a general business practice; those counts must be stricken.
For the reasons above stated, the motion to strike counts one, two, three, four and six is granted.