[No. 40938-1-II.  Division Two.  April 12, 2011.]

COWLITZ BANK, *Respondent*, v. MARK LEONARD ET AL., *Appellants*.

*Suzan L. Clark*, for appellants.

*Ronald T. Adams* (of *Black Helterline LLP*), for respondent.

¶1 ARMSTRONG, J. — Mark Leonard appeals from the summary judgment in favor of Cowlitz Bank.[1] Finding no error, we affirm.[2]

---

[1] On July 30, 2010, the Washington Department of Financial Institutions closed Cowlitz Bank and named the Federal Deposit Insurance Corporation (FDIC) as the receiver for Cowlitz Bank. In the interests of clarity, we will continue to refer to Cowlitz Bank.

[2] A commissioner of this court initially considered Leonard's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

¶2 Through a series of promissory notes, change in terms agreements, extension/modification agreements, and business loan agreements between 2006 and 2009, Tytan International Inc. borrowed $660,000 from Cowlitz Bank. Leonard executed commercial guaranties for Tytan's loan. Under the terms of the last business loan agreements, the loan matured on September 3, 2009, but neither Tytan nor Leonard repaid the loan. On October 29, 2009, Cowlitz Bank declared Tytan in default of the loan, accelerated the indebtedness incurred under the loan, and gave Tytan until November 9, 2009, to repay the loan.

¶3 When neither Tytan nor Leonard repaid the loan, Cowlitz Bank sued Leonard. Leonard answered and asserted affirmative defenses and counterclaims. He alleged that Cowlitz Bank had fraudulently induced him into not changing banks by promising to continue to increase his loan amounts and promising not to call his loan. Cowlitz Bank moved for summary judgment and moved to strike Leonard's affirmative defenses and counterclaims on grounds that RCW 19.36.110 bars the enforcement of any oral agreements not contained in the written loan documents. Leonard responded that Cowlitz Bank's representations should estop it from being allowed to declare the loan in default. The trial court granted Cowlitz Bank's motion for summary judgment. Leonard moved for reconsideration, asserting that genuine issues of material fact existed regarding his counterclaims. The trial court denied Leonard's motion, ruling that "RCW 19.36.110 is controlling." Clerk's Papers (CP) at 148.

¶4 Leonard argues that the trial court erred because genuine issues of material fact existed regarding his claim of equitable estoppel. He relies on *Interstate Production Credit Ass'n v. MacHugh*, 61 Wn. App. 403, 410, 810 P.2d 535 (1991), which reversed a dismissal under CR 12(b). MacHugh had signed loan agreements with the credit association that contained a one-year repayment term, but MacHugh asserted that the credit association had told him that it did not expect to be repaid in one year. When he did

not repay the loan after one year, the credit association sued and MacHugh asserted that it should be estopped from doing so. We held that "[b]ecause our review is limited to a dismissal under CR 12(b), this court cannot rule at this time that there is no set of facts which would give rise to a claim for damages." *MacHugh*, 61 Wn. App. at 410. The court further noted, "As to equitable estoppel, *Johansen v. Production Credit Ass'n[ of Marshall-Ivanhoe*, 378 N.W.2d 59 (Minn. Ct. App. 1985)], is instructive." *MacHugh*, 61 Wn. App. at 410. In *Johansen*, 378 N.W.2d at 63, the Minnesota court concluded that the credit association's representations to the Johansens that they would have no difficulty in obtaining future financing could have induced them not to seek other forms of financing and so created a genuine issue of material fact as to whether the credit association was estopped from enforcing its loan agreement.

¶5  But the issue here is whether RCW 19.36.110 bars the enforcement of any purported oral agreements between Cowlitz Bank and Leonard. RCW 19.36.110 provides:

> A credit agreement is not enforceable against the creditor unless the agreement is in writing and signed by the creditor. The rights and obligations of the parties to a credit agreement shall be determined solely from the written agreement, and any prior or contemporaneous oral agreements between the parties are superseded by, merged into, and may not vary the credit agreement. Partial performance of a credit agreement does not remove the agreement from the operation of this section.

¶6  All the loan agreements that Leonard signed contain the following notice, required under RCW 19.36.140:

> Oral agreements or oral commitments to loan money, extend credit, or to forbear from enforcing repayment of a debt are not enforceable under Washington law.

*See* CP at 73-76. The representations that Leonard alleges Cowlitz Bank made, even if proved, would constitute oral agreements to loan money, extend credit, or forbear from enforcing repayment. As such, under RCW 19.36.110,

Leonard cannot enforce them.[3] The trial court did not err in dismissing his counterclaims or in granting summary judgment to Cowlitz Bank.[4]

¶7 Tytan's loan with Cowlitz Bank provides that the prevailing party in an action regarding the loan is entitled to its reasonable attorney fees. Accordingly, upon compliance with RAP 18.1, we award Cowlitz Bank its reasonable attorney fees and costs on appeal.

¶8 Affirmed.

QUINN-BRINTNALL and VAN DEREN, JJ., concur.

---

[3] RCW 19.36.110 was not in effect at the time of the representations made in MacHugh's case.

[4] FDIC, as receiver for Cowlitz Bank, also argues that because Cowlitz Bank is now in receivership, 12 U.S.C. § 1823(e) bars Leonard's claim on oral representations. As the federal statute was not applicable when the trial court dismissed Leonard's counterclaims, we decline to address its applicability.