NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARISA SPOONER-LEDUFF, | No.    16-35038 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01471-JCC |
| v. | |
| SUNTRUST MORTGAGE, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 6, 2018
Seattle, Washington

Before:  FISHER, GOULD, and PAEZ, Circuit Judges.

Marisa Spooner-LeDuff ("Spooner") appeals the district court's grant of

summary judgment to SunTrust Mortgage ("SunTrust") and the district court's

denial of Spooner's motion for reconsideration.  We review de novo the district

court's grant of summary judgment, and review for abuse of discretion the district

court's denial of a motion for reconsideration. [1]  *Sch. Dist. No. 1J, Multnomah Cty.,*

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1]        We have jurisdiction pursuant to 28 U.S.C. § 1291.

*Or. v. ACandS, Inc.*, 5 F.3d 1255, 1258, 1262 (9th Cir. 1993). We affirm in part, reverse in part, and remand.

**1.**    We affirm the district court's grant of summary judgment as to Spooner's separate sale claim. We first conclude that RCW § 19.36.110, Washington's credit agreement statute of frauds, applies to the loan at issue. Despite Spooner's contentions on appeal, the loan was unquestionably for investment purposes. We further hold that promissory estoppel is not available to Spooner as a means to escape the statute of frauds under the facts of this case, as the oral promise at issue does not fall within the definition of promissory estoppel previously adopted by the Washington Supreme Court. *See Klinke v. Famous Recipe Fried Chicken, Inc.*, 616 P.2d 644, 647–48 (Wash. 1980).[2]

**2.**    We reverse the district court's grant of summary judgment as to Spooner's claim that SunTrust failed to automatically convert her loan to permanent financing (the "failure to perm" claim).[3] Contrary to the district court's understanding,

---

[2]    We reject SunTrust's argument that *Cowlitz Bank v. Leonard*, 254 P.3d 194, 195 (Wash. App. 2011), forecloses the availability of promissory estoppel under the credit agreement statute of frauds in all cases. *Cowlitz* dealt only with *equitable* estoppel, not promissory estoppel. *Id.*

[3]    SunTrust contends on appeal that SunTrust did not actually fail to automatically convert Spooner's loan to permanent financing, contrary to Spooner's allegations. This argument is squarely contradicted by the record, which amply documents SunTrust's refusal to automatically convert the loan to permanent financing and its repeated demands that Spooner submit updated financial documents in order to "qualify" for a permanent loan.

Spooner adequately alleged damages flowing from the failure to perm claim—damages that were *not* dependent on the separate sale claim—prior to her motion for reconsideration. For example, Spooner's opposition to summary judgment states that had SunTrust converted the loan to permanent status, "she could have rented the *units* and had sufficient funds to pay the monthly loan payments." We recognize, as did the district court, that the particular declaration paragraph cited as support for this sentence does not, in fact, support an allegation of damages resulting from the failure to perm claim, independent of the separate sale claim. Another paragraph in the same cited declaration, however, discusses how the failure to convert to permanent financing prevented Spooner and her business partner from obtaining long-term commitments from renters after they "list[ed] the *homes* for rent." Likewise, in her deposition, Spooner stated that "if I would've been allowed to *rent the properties the–the rents* would have covered the mortgage," and discussed her inability to obtain long-term renters due to SunTrust's refusal to convert the loan to permanent status. We conclude that Spooner adequately alleged damages independently stemming from the failure to perm claim in her declaration, as well as in her deposition testimony, moving papers, and the correspondence between Spooner and SunTrust produced in discovery.

3. We also reverse the district court's grant of summary judgment as to

Spooner's claim that SunTrust wrongly refused to lower her interest rate when she attempted to exercise her right under the loan agreement to do so (the "rate option" claim). Because SunTrust failed to address the rate option claim at all in its summary judgment briefing, SunTrust could not have established its entitlement to judgment as a matter of law on this claim. The district court therefore erred in granting summary judgment as to this claim; indeed, the district court did not even mention the rate option claim in its order. *See Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003). The record contains significant evidence that SunTrust refused to honor the rate option when Spooner attempted to exercise it, and we conclude that there are triable issues of fact related to this claim. Specifically, the parties contest whether Spooner was in default (and therefore ineligible to exercise the rate option) at the time of her request due to the alleged presence of construction liens, and also contest whether SunTrust's refusal to allow Spooner to exercise the rate option was based on her potential default or on other grounds.

4.    Spooner contends that she should be awarded attorneys' fees on appeal, a contention we reject. Because Spooner is not yet a "prevailing party" under RCW § 4.84.330, she cannot be awarded fees under that statute at this stage in the litigation. *See Wachovia SBA Lending, Inc. v. Kraft,* 200 P.3d 683, 688 (Wash. 2009). Likewise, as Spooner has not yet prevailed on her Washington Consumer

4

Protection Act (WCPA) claims, she cannot be awarded fees under RCW § 19.86.090. *See McCallum v. Allstate Prop. & Cas. Ins. Co.*, 204 P.3d 944, 952 (Wash. App. 2009).

5.    Because the district court did not address whether the statute of limitations potentially bars Spooner's WCPA claims or whether the federal Fair Credit Reporting Act preempts any of Spooner's claims, and because the parties did not meaningfully brief either issue on appeal, we leave these issues for the district court to address in the first instance.[4]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Appellant shall recover her costs on appeal.

---

[4]    Because we conclude that the district court erred in granting summary judgment as to Spooner's failure to perm and rate option claims, we need not address whether the district court abused its discretion in denying Spooner's motion for reconsideration.